## No. 13,137.

THE BROWN SHOE COMPANY vs. J. N. HILL & BRO., ET AL.

### SYLLABUS.

1. The ruling in Toole vs. Minge, 50th Ann., 748, reaffirmed as a correct interpretation of the true meaning and intention of Art. 101 of the Constitution of 1898.

2. Sec. 2 of Act 191 of the Acts of 1898, in declaring that the party cast in the Court of Appeals, or other person in interest who may feel aggrieved by the judgment rendered, shall *in any case* have *the right* to bring the cause before the Supreme Court for its review and determination, goes

beyond the constitutional intendment, and, as far as it does, is not to be followed.

3. Where the legislative interpretation of a constitutional provision conflicts with the judicial interpretation thereof, the latter prevails.

4. A rule of this court requires litigants, making application for the writ of review, to annex to such application a copy of the opinion of the Court of Appeals complained of. Hereafter no application for the writ will be considered unless the opinion of the Court of Appeals is so annexed.

IN RE The Brown Shoe Company Applying for *Certiorari* or Writ of Review to the Court of Appeals, Second Circuit, State of Louisiana.

*C. S. Wyly,* for Relators.

Submitted on brief April 3, 1899.
Opinion handed down April 17, 1899.

The opinion of the court was delivered by

BLANCHARD, J. This is not a case in which the writ of review should be granted. We took occasion in the case of J. O. Toole vs. C. H. Minge, 50th La. Ann. 748, to lay down the rule which would govern the action of the court in respect to applications for the writ. It was there said, speaking of Art. 101 of the Constitution of 1898: "It was not intended by a resort to the power here granted to make of the Supreme Court a sort of superior court of appeals over the Circuit Courts, to take jurisdiction of, and hear and determine any and all cases that may have been decided by the latter courts in the exercise of their legitimate, constitutional jurisdiction. In other words, it was not intended that the Circuit Courts of Appeal should be made merely a stopping place for causes between one hundred dollars and two thousand dollars on their way from the District Courts to the Supreme Court.

"It was, rather, intended that the power thus lodged in the Supreme Court should be exercised only. in special or extreme cases, whose peculiar circumstances as to the facts or the law governing the same justify, in the opinion of this court, a resort to it.

"For example, when the Court of Appeals refuses to be guided, in a clear case, by the well-established jurisprudence as defined and laid down by this court, a case would be presented warranting this court

in sending down its writ to bring up such cause for review and de-
termination.    This might be necessary to enforce uniformity of juris-
prudence throughout the State in the courts thereof.

"Other cases for other reasons may arise justifying a resort to the
writ—care being always taken against its abuse, to the impairment of
the dignity and power and usefulness of the Courts of Appeal, and
protracting litigation and deferring the final enforcement of just
rights."

We have, as far as possible, in subsequent cases, adhered to the
ruling in the Toole case, frequently citing the same as a controlling
authority in respect to applications for the writ of review. We
again affirm it as a corect interpretation of the true meaning and in-
tention of Art. 101 of the Constitution.

In saying this we are not unmindful of Act 191 of the Acts of 1898,
entitled "An Act relative to Courts of Appeal and to carry out the
provisions of Art. 101 of the Constitution of this State."

Sec. 2 of that act, in declaring that the party cast in the Court of
Appeals, or other person in interest who may feel aggrieved by the
judgment rendered, *shall, in any case, have the right* to bring the
cause before this court for its review and *determination,* goes beyond
the constitutional intendment, and, so far as it does, is not to be fol-
lowed.

The case of Toole vs. Minge, and other cases subsequent thereto,
defining the true meaning of the Article of the Constitution, were
decided prior to the enactment of the statute referred to, and in so
far as the legislative interpretation of the Constitution conflicts with
the judicial interpretation thereof, it is familiar doctrine that the
latter prevails.

The application now before us, neither in its law or facts, presents
such a special case as that contemplated by the ruling in Toole vs.
Minge, and were we to grant the writ and bring up the case for review,
it could be only upon the hypothesis that the Constitution intended to
give a further and additional *right* of appeal to litigants who may be
cast before the Court of Appeals.

This, clearly, was not within the contemplation of the framers of
the Constitution.

In cases, however, presenting features of law or fact justifying the
granting of the writ, and it is granted, this court has the same power
and authority in reference to the decision of such cases as if the same

had been brought before us by direct appeal from the court of the first instance.

In the instant case the application for the writ seems to proceed upon the idea that the averment of errors of law alone, on part of the Court of Appeals, justifies the granting of the writ.

That this is a mistaken conception of the intention of Article 101 of the Constitution, and of the scope of the powers it confers, is shown when we come to consider that, if this were so, every case, practically, decided by the Courts of Appeal would be reviewable here, and this would, indeed, be making of the latter court a mere "stopping place for causes between one hundred dollars and two thousand dollars on their way from the District Courts to the Supreme Court," and would certainly be to the impairment 'of the dignity and usefulness of the Courts of Appeal and to the protracting of litigation.

We do not overlook that, in the present application, the statement is made that the Court of Appeals, in one of its rulings, *held* contrary to the ruling of this court in Area & Lyons vs. Milliken, 35th La. Ann. 1150, on a similar point. But an examination of that case, in connection with the ruling aforesaid of the Court of Appeals, does not satisfy us that it is necessary to bring this case up for review in order to enforce the principle of uniformity of jurisprudence.

It is proper to remark here that the rule of this court requires litigants, making application for the writ of review, to annex to their application a copy of the opinion of the Court of Appeals in the case.

While we have not applied the aforesaid rule in this particular case, it is now announced that hereafter no application made to this court for its writ of review will be considered unless the opinion and decision complained of, or a copy thereof, is so annexed.

We are constrained to hold that the case presented does not justify the writ asked for, and, accordingly, the same is *denied*.