No. 13,224.

MONROE MERCANTILE COMPANY, LIMITED, VS. MRS. H. M. ELDER, AD-
MINISTRATRIX.

SYLLABUS.

It is again affirmed that Section 2 of Act 191 of the Acts of 1898, in declaring
that the party cast in the Court of Appeals, or other person in interest who
may feel aggrieved by the judgment rendered, shall in any case have the
right to bring the cause before the Supreme Court for its review and de-
termination, goes beyond the constitutional intendment, and, as far as it
does, is not to be followed.   The ruling in Toole vs. Minge, 50 La. Ann., 748,
adhered to.

IN RE Monroe Mercantile Company, Limited, applying for *cer-
tiorari* or writ of review, to the Court of Appeals, Second Cir-
cuit, State of Louisiana.

E. T. Lamkin for petitioner.

Submitted June 13, 1899.
Opinion handed down June 19, 1899.

The opinion of the court was delivered by
BLANCHARD, J.   The suit upon which this application is predicated
was an ordinary action for debt against the succession of Moses Elder,
deceased.   It sought to recover an amount alleged to be due on open
account for goods, wares and merchandise sold and delivered and ad-
vances of money made, and to recover a further sum  represented
to be due as the proceeds of certain cotton  alleged to have been sold
by Moses Elder shortly before his death and not accounted for.

Plaintiff sues as transferee of the claims.

Defendant denied any liability whatever, and then averred that if
the succession of Elder ever owed the debts, the same had long ago
been extinguished by compensation.

The administratrix then reconvened for a balance of indebtedness
alleged to be due the succession of the deceased by the Moses Elder
Company, Limited, of which plaintiff corporation is the successor.

The District Court gave judgment rejecting plaintiff's demand and
dismissed defendant's plea in reconvention as in case of non-suit.

On appeal to the Circuit Court this judgment was affirmed, with certain reservations to plaintiff.

Whereupon this application for writ of review under Art. 101 of the Constitution of 1898 is made, and in support of same, and in avoidance of the judgment of the Court of Appeals complained of, plaintiff assigns as errors the following:

"1st. Error in holding that the allegations of plaintiff's petition will not, under the evidence, support a recovery against his succession for money had and received by Moses Elder as the representative of the plaintiff company, and appropriated by him.

"2nd. Error in holding, therefore, that it was not necessary to pass on the question as to whether or not the amount so alleged to have been received by Moses Elder was compensated by the amount alleged by defendant to be due to Moses Elder by the plaintiff company.

"3rd. Error in holding that the open account sued on by the plaintiff company was compensated by the open account alleged to be due the succession of Moses Elder by the said company, the former having been created subsequently to the death of Elder and while his succession was in course of administration.

"4th. Error in holding it unnecessary to determine the question as to whether or not the amount due on open account by the plaintiff company to Moses Elder was sold at administratrix sale on January 29th, 1898, as set up in the plea of estoppel by plaintiff, and in not holding that the said account was sold as alleged."

Plaintiff's counsel, referring in his application to Sec. 2 of Act 191 of the Acts of 1898, evidently thinks that *in any and every case* decided by the Court of Appeals, the party cast, or any other person in interest, aggrieved by the judgment, may bring the case before this court, under Art. 101 of the Constitution of 1898, for its review and determination.

This is a mistaken view.

In Toole vs. Minge, 50 La. Ann. 748, and in other cases subsequent thereto, interpreting the Article of the Constitution referred to, we indicated the character of the cases with respect to which only would application for the writ of review be granted. See also 50 La. Ann.. 1349.

After the decision in the Minge case, but before it had come to the knowledge of the profession generally, the legislature enacted Act

191 of 1898. Construing this act and determining the effect to be given to it, this court said, in the Brown Shoe Company vs. Hill & Bro., decided last April (51 La. Ann. 920):

"Section 2 of that act, in declaring that the party cast in the Court of Appeals, or other person in interest who may feel aggrieved by the judgment rendered, *shall, in any case, have the right* to bring the cause before this court for its review and determination, goes beyond the constitutional intendment, and, so far as it does, is not to be followed. * * * In so far as the legislative interpretation of the constitution conflicts with the judicial interpretation thereof, it is familiar doctrine that the latter prevails."

The application now before us, neither in its law or facts, presents such a special case as that contemplated by the ruling in Toole vs. Minge, and were we to grant the writ and bring up the case for review, it could be only upon the hypothesis that the constitution intended to give a further and additional *right* of appeal to litigants who may be cast before the Court of Appeals. This, clearly, was not within the contemplation of the framers of the constitution.

It is, therefore, ordered that the application for the wit of review be denied.