[No. 18101.    Department Two.    December 21, 1923.]

J. W. BROTHERS, *Appellant*, v. NORTH COAST POWER COMPANY, *Respondent*.[1]

RAILROADS (66)—ACCIDENTS AT CROSSINGS—CONTRIBUTORY NEGLIGENCE—EVIDENCE—SUFFICIENCY. The plaintiff was guilty of contributory negligence, as a matter of law, precluding recovery for damages from a grade crossing collision with an interurban train, where he saw the train approaching when his automobile was within thirty feet of the crossing and did nothing to notify his son, who was driving and could have stopped the automobile within ten or fifteen feet.

Appeal from a judgment of the superior court for Clarke county, Simpson, J., entered December 7, 1922, upon the verdict of a jury rendered in favor of the defendant, in an action in tort. Affirmed.

*Frank B. Layman* and *Crass & Hardin*, for appellant.

*Miller, Wilkinson & Miller*, for respondent.

MITCHELL, J.—Plaintiff was injured and his automobile was damaged in a collision with an interurban car at a grade crossing some miles from the city of Vancouver. The verdict was for the defendant. The plaintiff has appealed.

The assignments of error relate to instructions to the jury, which need not be discussed because, in our opinion, the evidence shows that the appellant was so clearly negligent that, as a matter of law, he is not entitled to recover, and that the respondent's motion for a directed verdict at the close of all the evidence should have been granted.

The crossing is in an open, level territory. The interurban car approached from the right at an angle somewhat more advantageous to the occupants of the automobile than a right angle. Along the right-hand side of the highway, commencing at a point not far

[1]Reported in 221 Pac. 311.

from the crossing, there were five trees in irregular positions, each of which would afford to a traveler a temporary obstruction to a given point on the interurban line. The appellant and his son were on the driver's seat, the son on the left, driving. There was no other traffic at the crossing. Both of them were familiar with the crossing. The accident happened in daylight.

The appellant testified that they approached the crossing at such a rate of speed that their automobile could have been stopped within ten or twelve feet; that, when they were thirty feet from the crossing, he saw the interurban car approaching, ninety to one hundred feet away from the crossing; that he said nothing to his son, the driver, who he knew did not see the approaching interurban car; nor did he do anything whatever to avoid a collision. The automobile was not checked and the collision occurred. The driver testified to substantially the same thing. He said that, as the car was being driven, it could have been stopped within ten to fifteen feet, and that from a point fifty feet or more from the crossing, he did not look to the right. There was no testimony to the contrary, nor was there any testimony of negligence on the part of the respondent. The case falls within the rule of our decisions in *Harris v. Spokane, Portland & Seattle R. Co.*, 123 Wash. 274, 212 Pac. 187; *Beckwith v. Spokane International R. Co.*, 120 Wash. 91, 206 Pac. 921; and *Cable v. Spokane & Inland Empire R. Co.*, 50 Wash. 619, 97 Pac. 744, 23 L. R. A. (N. S.) 1224, and cases cited.

We are of the opinion that the negligence of the appellant was conclusively established and that he cannot recover.

Judgment affirmed.

MAIN, C. J., FULLERTON, and BRIDGES, JJ., concur.