BREAUX v. CANGELOSI

———

(May 27, 1929. Opinion and Decree.)

———

L. W. Cockfield, of New Orleans, attorney for plaintiff, appellant.

Gordon Boswell, of New Orleans, attorney for defendant, appellee.

JANVIER, J. This case results from an automobile collision at the corner of Toledano Street and St. Charles Avenue, at about six o'clock in the evening on November 17, 1927.

When plaintiff, driving up St. Charles Avenue, reached the corner of Toledano Street he turned to his left to cross the neutral ground and to enter Toledano Street on his way towards the river. Just after leaving the neutral ground his car was struck in the right side by an automobile driven by defendant. He brings this suit for damages sustained by his car and defendant, contending that the fault was entirely in the plaintiff, reconvenes for the damages to his car.

It is admitted that the amount claimed by each party is correct, but each contends that the other is liable. Plaintiff maintains that defendant was driving down St. Charles Avenue behind a car driven by Robert Verges and that when Verges stopped alongside the neutral ground to allow plaintiff to pass, defendant, instead of also stopping, dashed past the Verges car at a speed of 25 or 30 miles an hour and crashed into plaintiff's car. Defendant, on the other hand, contends that plaintiff did not stop and did not blow his horn before leaving the neutral ground but, on the contrary, suddenly and without warning turned and crossed the neutral ground and emerged into the traffic which was going down St. Charles Avenue.

As is usual in automobile collision cases it is important to determine who had the right of way. The general Traffic Ordinance of the City of New Orleans is No. 7490, Commission Council Series. The particular portions of that ordinance which are applicable are paragraphs a, b, and d of Section 7 of Art. I.

Under these paragraphs vehicles on St. Charles Avenue are given the right of way over other vehicles crossing the neutral ground except that vehicles crossing the neutral ground may obtain the right of way by complying with the provisions and requirements of paragraph d, which reads as follows:

"(d) On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have the right-of-way to complete the crossing of the roadway of such street or avenue under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

It is apparent then that plaintiff could have obtained the right of way over defendant's car by stopping on the neutral ground and by blowing his horn and by giving the opportunity to stop to defend-

ant and others who may have been approaching.

The evidence of plaintiff and of his witnesses show that he did not do this. He admits that he did not blow his horn. On this point he testifies as follows:

"Q. Did you blow your horn when you crossed the street?
"A. No, I did not."

That he did not stop while on the neutral ground or before proceeding from the neutral ground across the roadway is testified to by his witness, Verges, who, in referring to plaintiff's car, says:

"Q. Did the Chevrolet car stop?
"A. I did not see him exactly stop but he did slow down."

We are convinced that the true facts are that when the Verges car reached the corner and stopped for plaintiff's car to pass, defendant's car was a few feet diagonally behind it, that is, a little more towards the center of the driveway and a little farther from Toledano Street. The result was that the Verges car hid plaintiff's car from defendant's view.

It was to meet such a situation that section (d) of the ordinance to which we have referred was especially designed. Had plaintiff stopped as he should have done and had he blown his horn, defendant would then have been aware of his presence and of his intention to cross and it would have been defendant's duty to stop.

Since plaintiff's violation of the ordinance in the particulars above mentioned, and his attempt to take the right of way regardless of the ordinance, was a contributing cause of the accident, he cannot recover.

Our attention is directed to several cases in which we have held that the right of way is not the right of preemption and that even if a vehicle has the right of way, nevertheless, another vehicle reaching the intersection a reasonable time in advance, may proceed. It is strenuously argued that the case of Vance vs. Poree, 5 La. App. 109, should be controlling here. In that case we said:

"Where two automobiles approach an intersection at a right angle, and one of them nearly complete the crossing before the other arrives at the intersection, the one which almost traverses the intersecting street is entitled to proceed notwithstanding the fact that the other car had the right of way."

We do not think this case nor the others referred to applicable because it seems to us the two vehicles reached the intersection at approximately the same time and because at the time of reaching the intersection the one which did not have the right of way was screened from the view of the driver of the other.

In considering the reconventional demand, the fact that Verges stopped his car should, in our opinion, have warned defendant of impending danger and we believe that it was his duty to stop and not to dash past a stopped car, particularly as the stopped car prevented him from ascertaining just what the danger might be.

We feel, therefore, that defendant was also at fault and that had he been driving in a prudent manner the accident might have been avoided, in spite of the negligence of plaintiff. Therefore since defendant contributed to the result he cannot recover.

The trial judge felt as we do that both drivers were at fault. We think he was correct.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed, at the cost of plaintiff and appellant.