DUNBAR v. KAUL

———

(March 10, 1930. Opinion and Decree.)

———

Dymond & Levy and Geo. C. Schoenberger, Jr., of New Orleans, attorneys for plaintiff, appellee.

Spearing & Mabry and Wm. H. McClendon, Jr., of New Orleans, attorneys for defendant, appellant.

JANVIER, J. This suit grows out of an automobile collision at the corner of Carrollton avenue and Fontainebleau drive in the late afternoon of April 9, 1927, while it was yet daylight.

When Dunbar, driving in Carrollton avenue towards the river, reached the intersection of Fontainebleau drive, he desired to turn to his left across the neutral ground so that after crossing the lower driveway of Carrollton avenue he might enter Fontainebleau drive and proceed to his home.

He states that as he reached the crossing he saw a horse and wagon on the car tracks stopped; that he brought his automobile to a stop and beckoned to the driver of the horse to cross; that after the wagon had crossed he started his automobile, turned to his left, and was proceeding across the lower driveway when he was violently run into by defendant's truck driven by an employee, Thomas Dunn; and that his car was severely damaged.

Defendant contends that plaintiff did not stop before proceeding to cross the lower roadway; that he gave no signal of his intention to cross and that when he entered the roadway the truck was already so near it could not be stopped in time to avoid the accident; and that the speed of the truck was moderate. Dunn, the driver of the truck, fixes its speed at exactly twenty-three miles per hour. The other witnesses differ in their estimates of its speed, some claiming that it was as great as forty miles per hour.

The traffic ordinance applicable to a situation of this kind is No. 7490, C. C. S., and the pertinent provisions thereof are contained in paragraphs A, B and D, of section 7 of article I.

As we said in Breaux vs. Cangelosi, 10 La. App. 765, 123 So. 151, 152:

"Under these paragraphs vehicles on St. Charles avenue are given the right of way over other vehicles crossing the neutral ground, except that vehicles crossing the neutral ground may obtain the right of way by complying with the provisions and requirements of paragraph d, which reads as follows:

"'(d) On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right of way to complete the crossing of the roadway of such street or avenue under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway.'"

Plaintiff then could have obtained the right of way by stopping before entering the lower driveway and by blowing his horn and by giving to defendant's truck an opportunity to stop. Breaux vs. Cangelosi, supra. That he did not do this is made certain by the evidence. But, argues his counsel, in spite of his failure in this regard, he may nevertheless recover because after his negligence, as above set forth, had lost its active effect, and he was in a position of danger, defendant's truck still had the last clear chance to avoid the accident.

It is true that the truck driver was also guilty of violating the traffic ordinance in that he was exceeding the speed limit. We have shown that he admits a speed limit of twenty-three miles per hour, whereas the ordinance (article 5) permits to trucks of the size of the one in question a maximum speed of twenty miles per hour. We have often said, even if one vehicle has the right of way over another, this does not permit the one having the right of way to totally disregard the rights of the other or to monopolize a public street. Vance vs. Poree, 5 La. App. 109. In spite of the fact that here the truck had the right of way because of plaintiff's failure to stop or blow his horn before entering the intersection, we would not hesitate to affirm the judgment in plaintiff's favor if we felt that nevertheless the truck could have avoided striking plaintiff's car.

But we do not believe that the accident could have been avoided by the truck because its speed was so great that when plaintiff's car entered the intersection directly in its path there was no possible way for its driver to bring it to a stop. The truck driver, Dunn, in operating it at such a high rate of speed was guilty of negligence in entering the intersection without first complying with the legal requirements. The situation is very similar to that which was passed upon by the Court of Appeal for the First Circuit in Heath vs. Baudin, 11 La. App. 40, 122 So. 726, in which that court said:

"The evidence shows that Baudin, driving at a moderate speed, slowed down and looked up Winona street, with his car under control, before entering the intersection, and saw Heath coming on at a rapid speed about, say, 20 feet from the intersection. Heath was not far enough to make it safe for him to enter on the crossing. Baudin was in a place of safety at the time he saw the danger from Heath, and could and should have stopped where he was and let Heath pass, notwithstanding the fact that he reached the intersection first. He did not do that, but entered the intersection and started across in the face of a known danger, due to the near and apparently reckless approach of Heath."

We think both drivers were at fault, and that the fault of each contributed to the result, and therefore, since plaintiff's negligence had causal connection with the accident, he cannot recover, and the judgment in his favor is erroneous.

It is therefore ordered, adjudged, and decreed that the judgment appealed from be and and it is annulled, avoided, and reversed, and that there now be judgment in favor of defendant dismissing plaintiff's suit.

Judgment reversed; suit dismissed.