**BANNON v. PICOU**

(February 2, 1931. Opinion and Decree.)

O'Connor & Bannon, of New Orleans, attorneys for plaintiff, appellant.

Arthur B. Leopold and M. C. Sharff, of New Orleans, attorneys for defendant, appellee.

JANVIER, J. Plaintiff sues to recover the amount expended by him in repairing the damage sustained by his Buick automobile as the result of an intersectional collision with a Ford automobile owned and driven by defendant. He claims $109.95. Defendant denies liability, and, by reconventional demand, claims reimbursement in the sum of $295, alleging that this represents the amount of damage sustained by her Ford.

The court below rendered judgment in favor of defendant on the main demand and in favor of defendant and plaintiff in reconvention on the reconventional demand for the full amount prayed for. From that judgment, plaintiff has appealed.

The Buick, which was going in an uptown direction, was on the lake side driveway of Broad street and was crossing Canal

street. The Ford was on the upper side driveway of Canal street, was proceeding towards the river and was crossing Broad street.

Plaintiff claims that he stopped his Buick before leaving the Canal street neutral ground and sounded his horn before proceeding across the upper side roadway of Canal street, and that, just as he started his car, he noticed the Ford approaching at a terrific speed; that he again stopped his Buick when it had proceeded only a few feet into the roadway, but that, while it was thus standing absolutely still, it was violently run into by the Ford, which then swung around as the result of its momentum, and that the Ford, having in some manner been put into reverse gear, backed across Broad street and came to rest against a building on the river side of that street.

Defendant maintains that she was driving on Canal street at a moderate speed, and that, when she reached Broad street, plaintiff, without stopping on the neutral ground, as he should have done in compliance with the provisions of ordinance No. 7490 C. C. S., section 7, article 1, proceeded into the roadway at a rapid speed and crashed into the side of her Ford.

As we have so often said, a motorist who is crossing a street like Canal street should, when he is on the neutral ground, bring his car to a stop, sound his horn, and afford to vehicles approaching on the driveway he intends to enter an opportunity to stop. See Williams v. Lenfant, page 515 herein, 131 So. 857, decided January 19, 1931. See, also, Dunbar v. Kaul, 12 La. App. 605, 126 So. 705; Breaux v. Cangelosi, 10 La. App. 765, 123 So. 151.

We are well convinced that the Buick did not stop before entering the upper roadway of Canal street, and there can be no doubt that the Buick crashed headlong into the Ford and not the Ford into the Buick. The verbal testimony clearly preponderates toward this view, and the photographs make any other conclusion impossible.

It is also very evident that, had the Buick stopped even momentarily while it was on the Canal street neutral ground, the Ford would have passed safely ahead of it, and no accident would have resulted.

Since, under the ordinance referred to, it was the duty of Bannon to stop on the neutral ground, Miss Picou was justified in assuming that he would do so, and she was, thus, not negligent in proceeding, since she realized that, if Bannon did stop, she could pass before he could again start his car.

The fact that the Ford, after the accident, proceeded entirely across Broad street, loses its significance when we realize that Miss Picou, its driver, was temporarily rendered unconscious.

No good purpose can be served by the publication of a detailed analysis of the evidence. Suffice it to say that in our opinion there is a clear preponderance in support of defendant's contention.

The judgment appealed from is affirmed at the cost of appellant.

WESTERFIELD, J., absent and takes no part.

HUGH C. CAGE, Judge of Civil District Court, Parish of Orleans, and Judge ad hoc, participating.