**DREYER v. MARTIN**

———

(November 30, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)
(February 29, 1932. Writs of Certiorari and Review Refused by Supreme Court.)

———

Claude J. de Baroncelli and E. J. McShane, of New Orleans, attorneys for plaintiff, appellant.

John May, of New Orleans, attorney for defendant, appellee.

HIGGINS, J. This is a suit to recover damages for personal injuries and loss of earnings alleged to have resulted from an intersectional automobile collision at the corner of South Carrollton avenue and Willow street, this city, at about 1:30 p. m. on May 1, 1930.

There was judgment in favor of defendant dismissing plaintiff's suit, and he has appealed.

Plaintiff was a passenger in a Ford coupe automobile which was being driven down Willow street, a paved thoroughfare running from uptown to downtown. Defendant was driving his Whippet coupe car from the river towards the lake on South Carrollton avenue, which is a boulevard with a neutral ground in the center upon which are located double street car tracks, and paved thoroughfares on each side. These streets intersect at right angles. The automobiles collided in the downtown lake side of the intersection; the Ford coupe being turned over on the neutral ground pinning plaintiff's arm and fracturing it, and the other automobile coming to rest several feet past the intersection towards the lake. Both drivers were aware of the approach of each other's car when about 75 feet away from the intersection, and each was of the opinion that he had the right of way. Both drivers realized that the other one was not coming to a stop when about twenty feet apart, and then it was too late for either driver to do anything which would have avoided the accident.

Plaintiff contends that defendant was operating his car at an excessive and un-

lawful rate of speed and failed to obey the provisions of the traffic ordinance in not according to the car, in which plaintiff was riding as a guest the right of way, since it stopped on the neutral ground and blew its horn.

Defendant contends that he was operating his car at a moderate rate of speed on a right of way street, Carrollton avenue, and that the driver of the car, in which plaintiff was riding, neither stopped nor blew his horn but continued on across the intersection directly into the path of his car.

Both plaintiff and the driver of the Ford car, in which plaintiff was riding, testified that they crossed the intersection very slowly and almost came to a stop. Defendant states that the Ford car came directly across the intersection without stopping. Therefore the evidence is clear that the Ford car did not come to a full stop on the neutral ground in compliance with article 1, section 7, subsection d, Traffic Ordinance 7490, C. C. S., which provides:

"On streets and avenues having neutral grounds and carrying. street car lines, vehicles crossing such neutral grounds shall have right of way to complete the crossing of the roadway of such street or avenue under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

We believe that the case of Bannon v. Picou, 15 La. App. 511, 132 So. 390, is directly in point and decisive of the issue presented here. In that case there was a collision between a Ford car of plaintiff and the Buick car of defendant. Plaintiff was driving her car on Canal street towards the river, and defendant was proceeding in his car uptown on Broad street. The cars collided in the river side intersection of Canal street. We held:

"As we have so often said, a motorist who is crossing a street like Canal street should when he is on the neutral ground, bring his car to a stop, sound his horn, and afford to vehicles approaching on the driveway he intends to enter an opportunity to stop. See Williams v. Lenfant [page 515, herein], 15 La. App. 515, 131 So. 857, decided January 19, 1931. See, also, Dunbar v. Kaul, 12 La. App. 605, 126 So. 705; Breaux v. Cangelosi, 10 La. App. 765, 123 So. 151.

"We are well convinced that the Buick did not stop before entering the upper roadway of Canal street, and there can be no doubt that the Buick crashed headlong into the Ford and not the Ford into the Buick. The verbal testimony clearly preponderates toward this view, and the photographs make any other conclusion impossible.

"It is also very evident that, had the Buick stopped even momentarily while it was on the Canal street neutral ground, the Ford would have passed safely ahead of it, and no accident would have resulted

"Since, under the ordinance referred to, it was the duty of Bannon to stop on the neutral ground, Miss Picou was justified in assuming that he would do so, and she was, thus, not negligent in proceeding, since she realized that, if Bannon did stop, she could pass before he could again start his car."

See, also, Sontheimer v. Littlejohn, 137 So. 219, decided by this court October 19, 1931.

We are of the opinion that the sole and proximate cause of the accident was the failure of the driver of the Ford car, in which plaintiff was riding, to come to a full stop on the neutral ground in obedience to the traffic ordinance.

For the reasons assigned, the judgment appealed from is affirmed.