O'DAY v. KAPANICA

(December 14, 1931. Opinion and Decree.)
(January 11, 1932. Rehearing Refused.)

Edwin I. Mahoney, of New Orleans, attorney for plaintiff, appellee.

A. E. Rainold, of New Orleans, attorney for defendant, appellant.

JANVIER, J. This case grows out of an intersectional automobile collision. Plaintiff was driving his car on Clara street, and intended crossing Napoleon avenue from the lower to the upper side there-

of. Defendant's truck was on the lower side of Napoleon avenue, going toward the lake. Plaintiff states that, before attempting to cross Napoleon avenue, he brought his car to a stop and sounded his horn, and that he saw nothing approaching, and proceeded to cross at a speed of about 5 miles an hour. He testifies that, as he entered Napoleon avenue, he saw defendant's truck approaching at a speed of about 30 miles an hour, and that then it was about 125 feet from his car. He also maintains that he had practically crossed the lower roadway of Napoleon avenue, and that only the rear portion of his car remained in the roadway, when it was struck by the truck.

The truck driver states that the truck was equipped with a "governor," which prevented the truck's being driven at a speed in excess of about 17 miles an hour; that, as he approached the intersection of Clara street at a speed of 11 or 12 miles an hour, plaintiff's car suddenly emerged from the intersecting street, running about 18 miles an hour, and attempted to cross in front of the truck; that he applied both the service and the emergency brakes; but that the street was wet and the truck was heavily loaded, and it was impossible to avoid the collision.

The testimony of plaintiff is not impressive, particularly with reference to his having stopped and to his having made certain measurements a long time after the accident, and also with reference to his having followed the truck later and discovered by his own speedometer that it could run faster than 17 miles an hour. We are given the impression from the entire record that plaintiff did not take such precautions, as he should have taken, before entering a boulevard having rights which, under the city traffic ordinance, C. C. S., No. 7490,

were superior to those accorded to vehicles on intersecting streets.

If the truck was speeding along at 30 miles an hour, and if O'Day was driving at only 5 miles an hour, he had the better opportunity to stop, and he should have done so, especially since the street was wet with water and sleet. His failure to see the truck cannot be excused, since, manifestly, it was on the street, and was in view of any one who might look.

We hesitate to reverse the finding of the trial court on a question of fact, but, since we believe that it is manifestly erroneous, we must do so.

The judgment appealed from is reversed, and plaintiff's suit is dismissed, at his cost.