## SMITH'S TUTORSHIP v. PERRIN.*
### No. 14093.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

P. M. Milner, of New Orleans, for appellant.

Lemle, Moreno & Lemle and Arthur A. Moreno, all of New Orleans, for appellee.

HIGGINS, J.

Plaintiff sued the defendant for the sum of $10,600 for damages for personal injuries and medical expenses said to have resulted from an automobile collision between a Ford sedan, in which the plaintiff was riding as a guest, and the defendant's Overland coach, at the intersection of St. Charles avenue and Marengo street, on July 31, 1926, at 1:30 a. m.

The petition alleges that the Ford car was being driven on Marengo street in the direction of the lake; that it reached the intersection of St. Charles avenue and crossed to the neutral ground, when the driver looked to his right, or down the lakeside thoroughfare of St. Charles avenue, and saw an automobile coming up the avenue at about a half block below Marengo street; that the Ford car had practically crossed the roadway when it was struck on the right rear wheel by the right front wheel of the defendant's car with such force that the Ford car completely turned around; "that the cause of the accident was due wholly to the fault and negligence of the defendant, who had ample time to bring his car under control from the time in which it became apparent that the other car would cross the roadway, (but) that defendant either failed to see this car in time, as he should have done, or if seeing the car at the time

and place when he should have done so, he failed to slacken his speed to permit the other car to cross in safety and then negligently turned into the other car at a time when it would have been possible for the defendant to have passed in its rear."

The defendant answered, admitting that there had been a collision between the two vehicles at the time and place alleged, but denying that he was in any manner at fault, and that the sole and proximate cause of the accident was the negligence and carelessness of the driver of the Ford sedan in failing to obey the provisions of the traffic ordinance of the city of New Orleans, No. 7490 C. C. S., which required him to come to a full stop, blow his horn, and give approaching vehicles an opportunity to stop; that he was driving up St. Charles avenue, which is a right of way street under the traffic ordinance, at the lawful and prudent rate of speed of 20 to 25 miles an hour, and that the Ford car crossed the neutral ground at a speed of approximately 15 miles an hour immediately in front of respondent, without stopping, and without giving any warning; that he immediately applied his brakes and did everything possible to avoid the accident, but was unable to do so, with the result that the front part of his car struck the right side of the Ford about in the center.

Later the defendant filed an exception of no right or cause of action on the ground that the petition disclosed that the driver of the Ford car, in which the plaintiff was riding as a guest, was solely at fault in causing the accident because he failed to obey the provisions of the traffic ordinance, No. 7490 C. C. S., requiring an automobile leaving the neutral ground to come to a full stop, sound its horn, and give approaching vehicles an opportunity to stop before attempting to cross; that the petition does not charge the defendant with driving his car at an excessive or unlawful rate of speed; that the petition does not allege sufficient facts to show that defendant was guilty of negligence, but merely sets forth conclusions of the pleader; and that the petition also shows that the plaintiff was guilty of contributory negligence, as it is alleged that the street was well lighted and the defendant's car was in full view for one and one-half blocks, and, therefore, the plaintiff had ample opportunity to protest against the action of the driver of the Ford car in violating the above provision of the traffic ordinance, or to warn him of the approach of the defendant's car. Defendant also filed a plea of res judicata.

The trial court overruled the exception and plea of res judicata, and the trial on the merits resulted in a judgment in favor of the plaintiff for the sum of $2,600. Defendant has appealed.

■ In this court defendant renewed his exception of no right or cause of action and plea of res judicata. Counsel for plaintiff objected to this court considering the exception and plea because the defendant failed to appeal from the judgment of the district court overruling them. The objection is not well founded because the judgment overruling the exception and plea was interlocutory, there being other issues pending on the merits. Bossier's Heirs v. Hollingsworth & Jackson, 117 La. 221, 41 So. 553; Simeon v. Board of Levee Commissioners, 12 La. App. 21, 124 So. 853.

■ From a reading of the petition, and particularly article 8, which we have quoted above, it appears to us that the plaintiff has alleged a cause of action. Under the law, even though the driver of the Ford car was guilty of negligence in violating the provisions of the traffic ordinance in crossing the neutral ground without stopping and sounding his horn, if the defendant had an opportunity of observing the Ford car in the lake roadway of St. Charles avenue at a time when he could have stopped his car or slackened his speed, or passed to the rear of the Ford car, as alleged, the plaintiff would be entitled to recover because the defendant's negligence contributed to the accident. Thomas v. Roberts (La. App.) 144 So. 70. Under the doctrine of the last clear chance a plaintiff is entitled to recover, notwithstanding his own passive negligence, if the defendant, after being aware of the plaintiff's perilous position, negligently and carelessly fails to avoid injuring him.

Do the allegations of the petition show that the plaintiff was guilty of contributory negligence? The courts have held that a guest in an automobile may be guilty of contributory negligence in failing to protest against reckless driving, or failing to warn the driver of an obvious danger. Williams v. Lenfant, 15 La. App. 515, 131 So. 857; Hyman v. Salzer Plumbing Co., 18 La. App. 188, 135 So. 703. But from the facts alleged in the petition, we are not prepared to say that the plaintiff had sufficient time, after it became apparent that the driver of the Ford car did not intend to stop on the neutral ground, to protest or warn the Ford driver of the approach of the other automobile, before the cars collided. This court has held that where a petition states a cause of action on any ground, the exception of no right or cause of action should be overruled. Stumpf v. Baronne Bldg., Inc., et al., 16 La. App. 702, 135 So. 100.

We are of the opinion that the exception of no right or cause of action was properly overruled.

■ The plea of res judicata is without merit because the record shows that the other suit, which was dismissed, was filed by the owner of the Ford car against the defendant for property damages and that different witnesses and other counsel appeared therein.

In other words, the plaintiff in this case was no party to that suit, having only appeared as a witness therein.

## On the Merits.

█ When the case was called for trial on the merits, counsel for defendant stated that, in order to avoid being taken by surprise through the introduction of any irrelevant or inadmissible testimony by the plaintiff and her witnesses tending to contradict the allegations of the plaintiff's petition, or to enlarge or modify the pleadings, he objected to any evidence or testimony to the effect that the driver of the Ford car stopped on the neutral ground, sounded his horn, and gave approaching vehicles an opportunity to come to a stop and that the defendant was operating his car at an excessive or unlawful rate of speed, because plaintiff did not affirmatively make those allegations in her petition. The court overruled the objection provisionally, reserving the defendant's right to renew the objection at any time the plaintiff sought to introduce such testimony. The plaintiff's witnesses admitted that the driver of the Ford did not stop on the neutral ground and blow his horn, but they did attempt to testify that defendant was driving at an excessive rate of speed. Timely and proper objection was made and sustained.

We believe the ruling of the trial court in that respect was correct because the petition does not make that allegation of fact, or any other allegation from which it might be deduced. This point was raised on the exception of no cause of action and, although the attention of counsel for plaintiff was thereby called to the lack of this allegation, no request was made to amend the pleadings so as to make the allegation. The petition shows, upon a careful reading, that the plaintiff sought to hold the defendant liable on the ground that he was negligent and careless in failing to stop, slacken his speed, or pass to the rear of the Ford car, after being apprised, or after he should have been apprised, of the intention of the driver of the Ford car to cross the roadway. The petition nowhere charges the defendant with negligence in driving at a reckless and excessive rate of speed under the general law of negligence, or an unlawful rate of speed under the provisions of the city traffic ordinance.

Therefore, the issue of fact presented is whether or not the defendant, as a reasonable, and prudent driver, saw or should have seen that it was the intention of the driver of the Ford automobile to cross the roadway at a time when the defendant had a sufficient opportunity to stop or slacken the speed of his car, or pass to the rear of the Ford car, and thereby avoid striking it. The plaintiff claims that he did have such an opportunity, and the defendant argues that he did not.

The record shows that St. Charles avenue is a boulevard with a 41-foot neutral ground, upon which are located double street car tracks, and two paved roadways, each 24 feet in width. Marengo street is 36 feet in width, paved and crosses St. Charles avenue at right angles. The Ford sedan was being driven by Sherwood Stamp, a young man sixteen years of age, on Marengo street towards the lake, and the car had six occupants. On the front seat, from left to right, were the driver, Mrs. Elva Breaux, and Joseph Shaw, and on the rear seat, from left to right, Miss Evelyn De Russey, Mortimer Meek, and the plaintiff. The defendant was alone in his car and was driving up St. Charles avenue on the lake side roadway. The cars collided in the intersection, the front of the defendant's car striking the right rear side of the Ford automobile about where the rear fender is located, causing the latter car to turn around, strike the curb on the uptown lake corner of the intersection, and then turn over on its right side. The defendant's car stopped at the same corner on Marengo street, several feet distant from the overturned Ford automobile.

All of the occupants of the car in which plaintiff was riding testified in her behalf, except Miss De Russey. Plaintiff and her witnesses testified, in effect, that they had been to a birthday party and dance and were on their way home about 1:30 a. m.; that it had been raining or drizzling and the pavement was wet; that as the Ford Model T sedan, driven by Mr. Stamp, reached the intersection of St. Charles avenue, it slowed down to about five miles an hour, crossed the river roadway and the neutral ground; that as the Ford car was on the neutral ground the lights of the defendant's car could be seen about a block and a half away; that as the front of the Ford car left the neutral ground defendant's car was about a half block away; that as the rear of the Ford car had reached about the middle of the lake roadway of St. Charles avenue it was struck by the defendant's automobile.

The defendant testified that he was on his way home, after having attended a show and visited his intended wife; that he was driving alone up St. Charles avenue, about two feet from the neutral ground, at a rate of speed of approximately 23 miles an hour; that when he was within one-quarter of a square, or about 80 feet of the intersection, he noticed this Ford sedan crossing the neutral ground at a speed estimated to be 13 miles an hour; that believing that the driver of the Ford car would stop in obedience to the traffic ordinance, he continued on his course, and, when within about ten feet of the intersection, the Ford car ran directly in front of him; that he immediately applied his brakes and swerved to the left in an effort to avoid striking the Ford, but that the front part of his car struck the Ford automobile on its right side about in the center.

■■ We experience little difficulty in coming to the conclusion that the driver of the Ford car was guilty of gross negligence and carelessness in failing to obey the provisions of the traffic ordinance, which required him to stop on the neutral ground and sound his horn so as to give approaching vehicles an opportunity of stopping; but, as the negligence of the driver thereof cannot be imputed to the plaintiff, who was riding as a guest, the defendant will be liable in damages to her if the evidence in the case shows that the defendant was guilty of concurrent or joint negligence which proximately contributed to the accident. Williams v. Lenfant, 15 La. App. 515, 131 So. 857; Tarleton-Gaspard v. Malochee, 16 La. App. 527, 133 So. 409.

In the case of Liddle v. Post, 6 La. App. 72, the plaintiff was driving toward the lake on Napoleon avenue. The defendant was going toward the river on that avenue, and, when he reached Howard street, he turned to his left in the direction of downtown and crossed the neutral ground of Napoleon avenue. He did not stop on the neutral ground because he says he saw the plaintiff's car approaching about two-thirds of a block from the crossing and, believing that he had time to safely cross the street, started over, when he was suddenly struck by plaintiff's car. The court held that if the defendant had stopped on the neutral ground, as required by the provisions of the traffic ordinance, there would have been no collision, and that he was mistaken in his belief that plaintiff's car was 200 feet distant when he attempted to cross. The court said:

"This Court has repeatedly decided that in cases of collisions of automobiles it is the duty of courts to condemn in damages those who have violated the Traffic Ordinances and thus brought about the collision." [Rose v. L'Engle] 148 La. 310 [86 So. 822].

In Bannon v. Picou, 15 La. App. 511, 132 So. 390, the defendant (plaintiff in reconvention) was driving her Ford car on Canal street toward the river. Plaintiff, Bannon, was operating his Buick car on Broad street going uptown. The cars collided in the intersection. The plaintiff said that he stopped on the neutral ground on Canal street and sounded his horn before proceeding across the upper roadway of Canal street and that, as he started, he noticed the Ford car approaching at a terrific rate of speed; that he again stopped the Buick and, while in that position, it was struck by the Ford car. The court found that the plaintiff had not stopped on the neutral ground and that, had he stopped, the Ford car would have passed in safety. The court said:

"As we have so often said, a motorist who is crossing a street like Canal street should, when he is on the neutral ground, bring his car to a stop, sound his horn, and afford to vehicles approaching on the driveway he intends to enter an opportunity to stop. See Williams v. Lenfant, 15 La. App. 515, 131 So. 857, decided January 19, 1931. See, also, Dunbar v. Kaul, 12 La. App. 605, 126 So. 705; Breaux v. Cangelosi, 10 La. App. 765, 123 So. 151."

The court further said:

"Since, under the ordinance referred to, it was the duty of Bannon to stop on the neutral ground, Miss Picou was justified in assuming that he would do so, and she was, thus, not negligent in proceeding, since she realized that, if Bannon did stop, she could pass before he could again start his car."

All of the plaintiff's witnesses, and particularly the driver of the Ford car, admit in their testimony that, after seeing the lights of the defendant's car approaching a half block away and coming to the conclusion that they had sufficient time to cross the roadway traveling in low gear at a rate of speed estimated to be from two to five miles an hour, they dismissed the defendant's car from further observation and were wholly unaware of its presence until the moment of the impact. The plaintiff testified that, as she was sitting on the right rear side, she kept looking at the defendant's car up to the time of the collision, but at no time uttered any outcry or warning whatsoever to the driver of the Ford automobile, believing that there was a sufficient opportunity for it to cross the street and that the defendant would slacken his speed and pass to the rear of the Ford car.

■ It is quite obvious to us that the occupants of the Ford automobile erroneously approximated the distance that the defendant's car was from them at the time the Ford car was driven into the roadway. While the law does not require the driver of an automobile to judge the distance between his machine and another and its speed with absolute accuracy, he is required to do so with reasonable care and caution, such as an ordinarily prudent driver would do under similar circumstances, and commensurate with the danger involved. Hyman v. Salzer Plumbing Co., Inc., 18 La. App. 188, 135 So. 703; Hamilton v. Lee (La. App.) 144 So. 249; Murphy v. Hartley et al. (La. App.) 144 So. 785; O'Day v. Kapanica, 18 La. App. 634, 138 So. 472.

If the Ford car was more than halfway across the street at the time it was struck, as the plaintiff and her witnesses say, since the defendant was driving about two feet from the neutral ground, his car would have passed to the rear of the Ford car and there never would have been any collision. To accept the version of the plaintiff's witnesses that their car was more than halfway across the intersection at the time it was struck would require us to believe that the defendant was not observing where he was

driving and did not see the Ford car. There is some testimony by plaintiff's witnesses that after the accident the defendant admitted that he was sleepy and failed to see the Ford automobile, but the defendant denies this, and we believe him because he described the movement of the Ford car from the time it entered the intersection until the time it was struck, which he could not have done if he had not seen it.

Defendant had the right of way under the traffic ordinance and was justified in believing the Ford driver would stop on the neutral ground, as required by the ordinance. If he had done so the defendant's car would have safely passed.

A careful reading of the record and a study of the briefs of counsel convince us that the sole and proximate cause of the unfortunate accident was the carelessness of the young driver of the Ford automobile in failing to obey the provisions of the traffic ordinance, which required him, before entering the roadway, to stop on the neutral ground, sound his horn, and give approaching vehicles an opportunity to stop. Steadman v. Wallace, 14 La. App. 560, 130 So. 564.

For the reasons assigned it is ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed, and it is now ordered, adjudged, and decreed that there be judgment herein in favor of the defendant, dismissing plaintiff's suit at her cost.

Reversed.