## KELT v. TECHE TRANSFER CO., Inc.
### No. 14122.

Court of Appeal of Louisiana. Orleans.
Jan. 30, 1933.

Chas. I. Denechaud and Ernest J. Robin, both of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

HIGGINS, J.

Plaintiff seeks to recover the sum of $6,871.75 covering personal injuries, medical expenses, loss of wages, and property damage,

said to have resulted from a collision between his Overland sedan and a large passenger bus belonging to the defendant, at the intersection of Bayou road and Broad street, this city, on November 18, 1929, at 7:30 p. m. He alleges that he was driving out Broad street, and, upon reaching the intersection of Bayou road, turned to his left, and, after crossing a portion of the neutral ground of Broad street, stopped on the lake side of the neutral ground, sounded his horn, and then attempted to cross the lakeside thoroughfare of Broad street; that at the time he started to cross the roadway the bus was fifty feet away and traveling at a rate of speed of thirty miles per hour; that, as the rear wheels of his automobile reached the center of the roadway, the bus struck the right rear side of his car causing it to spin around several times and then come to rest about eight feet away, severely injuring him and doing extensive damage to his car; and that his automobile had gained the right of way under the provisions of the Traffic Ordinance No. 7490, C. C. S., because he had stopped on the neutral ground and sounded his horn, and also because his car had preempted the intersection.

Defendant admitted that there was an accident, but denied that the driver of the bus was in any way at fault, averring that its bus was traveling on a right of way street under the Traffic Ordinance No. 7490, C. C. S., of the city of New Orleans; that plaintiff crossed the intersection at a speed of between twenty to twenty-five miles per hour without stopping or blowing his horn and directly in front of the on-coming bus; that the driver of the bus applied his brakes and swerved to his right in an attempt to avoid the collision, but was unable to do so; and that, in any event, under the above circumstances, the plaintiff was guilty of contributory negligence which was specially pleaded.

There was judgment in favor of defendant dismissing plaintiff's suit and he has appealed.

The record shows that Broad street is a boulevard, in the center of which is a neutral ground, upon which are located double street car tracks, with paved roadways on each side. This boulevard runs from uptown to downtown and intersects Bayou road, which runs from the direction of the river to the lake, at an angle the degree of which is not shown by the testimony. The plaintiff was driving his car on the riverside roadway of Broad street and turned to his left in order to cross the neutral ground of Broad street so as to go out towards the lake on Bayou road. The bus was proceeding on the lake roadway of Broad street going in the direction of Canal street or uptown. The two vehicles met in collision in the intersection, and the plaintiff was seriously and painfully injured and his car badly damaged.

The only eyewitnesses to the accident were the plaintiff, who was driving alone, the bus driver, two passengers, and another bus driver who was in charge of a second bus that was following the first at a distance of about fifty feet. Plaintiff testified that he came to a full stop on the lake side of the neutral ground of Broad street and blew his horn before attempting to cross, and when he started to cross the bus was about fifty feet away and running at a fast rate of speed or, as he alleged in his petition, about thirty miles per hour.

The defendant's witnesses say that the plaintiff did not stop on the neutral ground, but crossed the neutral ground at a speed estimated from fifteen to twenty-five miles per hour and ran directly in front of the bus when it was in very close proximity to his car; the distance being estimated from five to twenty feet.

Section 7, subsection (d), of the Traffic Ordinance 7490, C. C. S. provides:

"On streets and avenues having neutral gounds and carrying street car lines, vehicles crossing such neutral grounds shall have right-of-way to complete the crossing of the roadway of such street or avenue under the following conditions:

"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

The trial judge found, and so do we, that the defendant proved by a preponderance of the evidence that the plaintiff did not stop on the neutral ground and sound his horn as provided by the provisions of the ordinance, and that he was entirely at fault in causing the unfortunate accident by driving in front of the on-coming bus when it was too close to stop. Bannon v. Picou, 15 La. App. 511, 132 So. 390; Liddle v. Post, 6 La. App. 72.

For the reasons assigned, the judgment appealed from is affirmed.

Affirmed.

JANVIER, J., absent, takes no part.