## CULOTTA v. TECHE LINES, Inc.*
### No. 16141.

Court of Appeal of Louisiana. Orleans.
Oct. 21, 1935.

Guy J. D'Antonio, of New Orleans, for appellant.

Porteous, Johnson & Humphrey, of New Orleans, for appellee.

WESTERFIELD, Judge.

This is a suit for damages ex delicto in the sum of $20,000. There was judgment below in defendant's favor dismissing plaintiff's suit, and plaintiff has appealed.

On April 14, 1934, at about 12:30 p. m., an International truck collided with a passenger bus operated by the defendant, Teche Lines, Inc., in the intersection of Canal and Prieur streets in the city of New Orleans. Mrs. Therese Culotta Mareno, who was a passenger riding in the cab of the truck, was thrown to the ground as a result of the impact and sustained certain

injuries, for compensation for which she brought this suit, alleging that the collision which caused her injuries was solely due to the negligence of Martin J. Bouvier, the driver of the Teche bus, who was at the time of the accident engaged in the business of, and acting within the scope of the employment of, his master. The charges of negligence imputed to Bouvier are excessive speed and the failure to keep a proper lookout.

The defendant in its answer denied all charges of negligence imputed to its servant, Bouvier, and averred that the accident was entirely due to the failure of Henry Colletti, the driver of the International truck, to observe the provisions of the traffic ordinance of the city of New Orleans, and particularly section 10, paragraph (b) and section 8, par. (a), of article VI of Ordinance No. 13702, and, in the alternative, it pleaded contributory negligence, in that plaintiff failed to warn the truck driver concerning his violation of the traffic ordinance or to protest against his negligent driving.

██ The case was fully, ably, and earnestly presented below, as the many pages of testimony and exhibits found in the transcript attest. The evidence is conflicting and irreconcilable as a whole, but it nevertheless clearly preponderates upon the important issues of fact upon which the case turns, and, as we appreciate it, to the following effect: The accident happened in the intersection of Canal and Prieur streets. Canal street is a wide boulevard divided by a neutral ground, with a paved roadway on each side. The north, or, as it is popularly termed, "downtown," roadway, is devoted to traffic moving from the Mississippi river toward Lake Pontchartrain, and the south, or "uptown," side is used by traffic moving in the opposite direction. Prieur street, which is paved, intersects Canal street at right angles and allows a motorist traveling on that street a clear view, under ordinary conditions, of traffic moving along Canal street. The truck in the cab of which plaintiff was a passenger entered the intersection of Canal street from the north, or downtown, side and proceeded across the first roadway and the neutral ground, and entered the second, or uptown, roadway, without stopping or sounding its horn on the neutral ground. As it reached a point at about the middle of the upper roadway, it collided with the bus of the defendant, which was moving along Canal street in the direction of the Mississippi river. The

roadway was wet and slippery as the result of a light rainfall which was either prevailing at the time or shortly before the accident.

In finding the facts as we have thus far stated them, we necessarily hold that the truck failed to obey the provision of the traffic ordinance pleaded and relied upon by the defendant, which reads in part as follows: "On streets * * * having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right-of-way to complete the crossing of the roadway of such street or avenue * * * Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop. * * *"

And thus we dispose of one of the principal issues in the case. No other conclusion is possible, because the evidence on this point is most convincing, whether we consider the number of witnesses, or the weight to be given their testimony by the criterion of bias, or interest, or opportunity for observation, or otherwise.

It results, therefore, from what we have said, that the driver of the truck was negligent in crossing the neutral ground and entering the roadway in the face of traffic without having stopped or sounded his horn as an indication of his intention to do so as required by the ordinance.

██ Since the negligence of the driver of the truck cannot be imputed to plaintiff, his passenger, unless we find that she was contributorily negligent, and the question of contributory negligence is unimportant unless the bus driver was also negligent, we will now consider the action of defendant's servant. The only theory upon which negligence may be imputed to the driver of the bus is by reason of the doctrine of the last clear chance; in other words, if it was apparent that the truck driver intended to continue across the neutral ground and across the path of the bus at a time when, by the exercise of reasonable precaution, the bus driver could have avoided the accident, his failure to take such precaution would involve him with responsibility for the accident under the doctrine referred to. According to the clear preponderance of the evidence, the truck reached the neutral ground when the bus was from 75 to 150 feet distant from the intersection. The driver of the bus admits seeing it when

554

about 100 feet distant, but, believing that the truck would stop, he continued without attempting to stop the bus, until a short while before the impact, when it became apparent that the truck was not going to stop and had entered the roadway directly in his path. The speed of the defendant's bus as given by ten or twelve witnesses was about twenty miles per hour, which we consider moderate under the circumstances. The bus had the right of way (see article VI, § 8-a, Ordinance No. 13702, city of New Orleans), and its driver was justified in assuming that the truck would stop on the neutral ground and await his passage of the intersection, unless a contrary intention was indicated in the manner pointed out by the traffic ordinance. Stout v. Lewis, 11 La. App. 503, 123 So. 346. When it became apparent that the truck was not going to stop and would continue across the roadway in the path of the bus, there was no opportunity afforded the bus driver to prevent the accident, because the two vehicles were too close to each other, and, though he did what he could by turning sharply toward the right, he could not avoid the impact, which was inevitable. Bannon v. Picou, 15 La. App. 511, 132 So. 390.

It results from the foregoing that the judgment appealed from is correct, and, for the reasons herein assigned, it is affirmed.

Affirmed.