## ROSENBAUM et al. v. WEIL.
### No. 16297.

Court of Appeal of Louisiana. Orleans.
April 20, 1936.

Hugh M. Wilkinson, A. Miles Coe, Fred W. Oser, Harry Nowalsky, and George M. Leppert, all of New Orleans, for appellants.

Blasi & Sehrt and Harry T. Wilkins, all of New Orleans, for appellee.

JANVIER, Judge.

Plaintiffs were guest passengers in the automobile owned and driven by their son when it was in collision with an automobile owned and operated by defendant, L. H. Weil, at the corner of North Claiborne avenue and Laharpe street in this city, at about 10:30 o'clock p. m. on December 17, 1934.

Alleging that the accident resulted from negligence on the part of Weil, Mr. and Mrs. Rosenbaum seek judgment against him; she as compensation for the physical injuries which she received, and he for the medical bills and other expenses which the community necessarily incurred for the treatment of Mrs. Rosenbaum and for the loss of two pair of spectacles which, it is alleged, were broken in the accident.

In the court below there was judgment in favor of Mrs. Rosenbaum for $100 and in favor of Mr. Rosenbaum, as head and master of the community, for $42. Plaintiffs have appealed asking for an increase in the judgment, and defendant has answered the appeal seeking a complete reversal.

The automobile in which they were riding was proceeding up North Claiborne avenue towards Canal street, and the automobile of defendant was crossing Claiborne avenue going in the direction of Lake Pontchartrain.

The evidence convinces us that the automobile in which plaintiffs were riding was being operated at a moderate speed, and that its lights were burning, and that there was nothing about the operation of the car to require that plaintiffs exercise any control or supervision over the driver, or request him to reduce his speed or take any unusual precautions, or drive in any particular way.

The automobile of defendant was crossing the neutral ground of Claiborne avenue, on which there are located street car tracks, and, therefore, it was the duty of its driver, before leaving the neutral ground and entering the lakeside driveway of Claiborne avenue, to bring the car to a stop, to sound its horn, and to afford any approaching vehicles an opportunity to stop. Mr. Weil did not do this. He stated that he brought his car "to practically a stop," and later he said, "I had my car under control to stop instantly if I had observed any oncoming traffic." There was on-coming traffic, as is evidenced by the collision. Since Mr. Weil did not stop and did not blow his horn, his actions were in violation of the traffic ordinance of the city of New Orleans, and particularly in violation of paragraph b of section 10 of article VI, which provides that vehicles proceeding as his car was "shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with the horn, and give opportunity for approaching vehicles in the roadway to come to a stop."

We have no difficulty whatever in reaching the conclusion that Mr. Weil was at fault and that his negligence at least

contributed to the accident. In view·of the fact that Mr. and Mrs. Rosenbaum were passengers in the car of their son and had nothing to do with the operation thereof, the negligence of young Rosenbaum, even if he had been negligent, would not have been attributable to them, and, therefore, Mr. Weil is liable for such damage as they sustained.

The facts of this case are very similar to those which were found in the matter of Bannon v. Picou, 15 La.App. 511, 132 So. 390, except that in the Bannon Case the accident occurred during the day. See, also, Smith's Tutorship v. Perrin (La.App.) 145 So. 685.

Mrs. Rosenbaum received bruises and contusions which, according to her physician, required that she remain in bed for about two weeks. There is some doubt as to whether the bruises were as serious as she and her physician contend; another doctor stating that in his opinion two or three days in bed would have been sufficient to permit of practically complete recovery. For this item of damage she was allowed in the court below $100, and we find nothing in the record to lead us to the conclusion that this amount was either excessive or inadequate.

We cannot consider the evidence with reference to the possible sacroiliac injury, because there is no definite evidence on this point. One physician produced by defendant states that possibly Mrs. Rosenbaum did suffer such an injury, but he states most positively that he cannot be·certain whether she did or did not.

Mr. Rosenbaum, as head and master of the community, was awarded judgment for $42; $30 of which was for medical services rendered to his wife and $12 for the loss of a pair of spectacles.· These losses are adequately supported by the evidence. He complains, however, that he should have been awarded $17.50 in addition as the value of another pair of spectacles belonging to Mrs. Rosenbaum. The evidence shows that after the accident these spectacles, for which this last-mentioned claim was made, were still intact and on the forehead of Mrs. Rosenbaum, and that Mr. Rosenbaum removed them and placed them in his pocket, and that, at that time, they were not broken or in any way damaged. The judge below. was not in error in refusing to allow this item.

We believe that the judgment appealed from was correct; consequently, for the reasons assigned, it is ordered, adjudged, and decreed that the judgment appealed from be, and it is, affirmed; plaintiff to pay the cost of appeal.

Affirmed.