## ANTOINE v. WERNER.*

### No. 16599.

Court of Appeal of Louisiana. Orleans.

March 8, 1937.

Peter G. Charbonnet, Jr., of New Orleans, for appellant.

George P. Nosacka, of New Orleans, for appellee.

McCALEB, Judge.

Plaintiff, a colored woman, was a guest passenger in an automobile owned and driven by a negro named Louis Robert, when it collided with an automobile owned and operated by the defendant, Mrs. Lucille Werner, at the corner of North Claiborne avenue and Kelerec street in the city of New Orleans, at about 7 o'clock p. m. on January 12. 1936.

*Rehearing denied March 22, 1937.

Alleging that the accident resulted from negligence on the part of Mrs. Werner, plaintiff seeks judgment against her in damages for the physical injuries she received.

The trial court, after hearing the evidence, found in favor of the defendant and dismissed the plaintiff's suit. Plaintiff has appealed from the adverse judgment.

The accident occurred in the river side intersection of North Claiborne avenue and Kelerec street. The Robert car, in which plaintiff was a passenger, was proceeding down North Claiborne avenue in the direction of Esplanade avenue. The defendant had previously been driving her car up North Claiborne avenue. When she arrived at the intersection of North Claiborne avenue and Kelerec street, she made a left-hand turn towards the river onto the neutral ground roadway intersecting North Claiborne avenue, and, while emerging into the river side intersection thereof, her automobile collided with the Robert car.

North Claiborne avenue is a wide two-way boulevard, which is separated by a neutral ground, and Kelerec street intersects with it at right angles. Under the ordinances of the city of New Orleans, traffic proceeding on North Claiborne avenue has the right of way over traffic traveling on intersecting streets.

The answer of the defendant alternatively charges the plaintiff with contributory negligence. However, the plaintiff was a guest in the Robert car, and there was no evidence tendered to show that she exercised any supervision over its movement. The law is well established that if Robert, the operator of the vehicle, was guilty of negligence, his fault cannot be attributed to the plaintiff. See Rosenbaum et al. v. Weil (La.App.) 167 So. 215, and other cases. Therefore, in considering the case from the standpoint of liability of Mrs. Werner, the only question for determination is whether she was guilty of fault and that her negligence contributed to the collision.

The testimony adduced at the trial, respecting the fault of the operators of the colliding vehicles, is hopelessly conflicting as is usual in this type of suit.

Louis Robert testified that he was driving down North Claiborne avenue at a speed of approximately 20 miles per hour, with his headlights burning, and that plaintiff and three small children were

passengers in his automobile; that about 20 feet from the intersection of North Claiborne avenue and Kelerec street, he noticed defendant's car traveling across the neutral ground of North Claiborne avenue in the direction of the river; that he continued on and as he was in the act of traversing the roadway of the intersection of North Claiborne avenue and Kelerec street, the front of defendant's car struck his automobile at the left rear wheel with such force that it was turned over on its right side.

The plaintiff testified that she did not see the defendant's car and knows very little of the accident for she says that she was knocked unconscious when Robert's car was struck and turned over.

Ernest St. Martin, a witness for plaintiff, testifies that he was standing on the corner of Kelerec street and North Claiborne avenue at the time of the accident and saw the defendant when she came up Claiborne avenue and turned into the neutral ground, going towards the river; that he saw her car strike Robert's car and knock it over on its right side. This witness further says that the defendant was operating her automobile at a speed between 45 to 50 miles per hour. The district judge refused to believe this witness and due to the court's observation of his demeanor on the stand, we shall eliminate his testimony from consideration here.

Louis Shelby also testified for plaintiff. He did not see the accident, but heard the impact and arrived at the scene immediately thereafter. He says that the headlights on Robert's car were burning and that he saw the Robert automobile turned over on its right side.

Mrs. Werner, the defendant, stated that she was driving up North Claiborne avenue; that when she reached the corner of Kelerec street, she slowed down and turned to the left and proceeded across the neutral ground of North Claiborne avenue; that when she arrived at the river side traffic lane thereof, she slowed down and looked for traffic in the roadway, and finding it clear, she started forward. She further says:

"When I started his car was half way on me, and I swerved to the left, and his left front struck my right front, that is all the damage to my car."

She maintains that she was half way across the river side intersection of North Claiborne avenue when she saw the Robert car and it was at that time that she swerved to the left in an attempt to avoid the impact. She does not explain why she could not see the Robert car prior to the time she got into the intersection.

One Joseph Vaccaro also testified in defendant's behalf. His story is that the defendant had stopped her car on the neutral ground before going across the river side roadway of North Claiborne avenue. At that time, the witness relates, he saw a gray automobile coming down North Claiborne avenue, without any lights, and that the defendant had already started her car and had proceeded approximately 4 feet in the intersection when the collision occurred. (The front left-hand side of the Robert car striking the front right-hand side of the defendant's car, causing the Robert car to overturn.) He also says that the Robert car was traveling at a speed of 30 to 32 miles per hour.

A neighbor of the defendant named Raymond Hughes, who happened to be in the vicinity at the time of the accident, also testified on behalf of the defendant. He says that the Robert car was traveling at a speed of 40 to 45 miles per hour; that the defendant's car stopped at the neutral ground crossing and that after she started across and had gotten about half way over the river side roadway of North Claiborne avenue, the collision occurred. He does not know whether the headlights on Robert's car were burning or not.

Pictures of the Robert car offered in evidence definitely show that it was struck on its left side at or near the left rear fender.

It is difficult for us to reconcile the theory of the defendant, respecting the accident in question, when considered in the light of the physical facts. If she stopped her automobile on the neutral ground at the river side roadway of North Claiborne avenue, and traveled forward into the roadway at a slow rate of speed, it does not seem plausible that the result of the impact would have caused the Robert car to overturn on its right side, notwithstanding the alleged speed at which it was traveling. The record is barren of testimony as to the exact positions of the two automobiles after the impact occurred, but the pictures of the Robert automobile, offered in evidence, demonstrate that it

was struck on its rear left fender. Even though we were to accept the story of the defendant and her witnesses as genuine, there is still no reason why she did not see the Robert car (proceeding in the roadway at the high rate of speed she portrays) prior to the time she entered the river side roadway of North Claiborne avenue.

Assuming that the testimony of defendant's witness, Vaccaro (who says that the Robert automobile was traveling without lights and at a fast rate of speed), is true, this fact would not excuse her from fault, if she, nevertheless, entered the roadway under those circumstances. For it is well settled that the recovery of a guest, injured in an automobile accident, is not precluded because the driver of the vehicle in which he is riding, is not blameless, if the evidence sustains a finding that the defendant driver was guilty of negligence which contributed to the injury.

We believe that the record fairly exhibits that the defendant was guilty of negligence proximately causing the accident in that she failed to keep the proper lookout. At all events, she, by the exercise of prudence, had a last clear chance to avoid the collision. Moreover, the physical facts disprove her theory of the manner in which the accident occurred. The district judge therefore erred when he dismissed the plaintiff's suit.

The injury to plaintiff consists of a deep laceration of the palm of her right hand, severance of the thenar muscles and fracture of the metacarpals. She was admitted to the Charity Hospital on the night of the accident where she remained for a period of nine days. She claims that she is permanently injured but no medical testimony was adduced to show that such is the case. The district judge examined plaintiff's injured hand and stated:

"It is the opinion of the Court that two of the knuckles over the wrist, from the first to the second finger and the thumb, were either broken or dislocated at the joints, which are higher than would normally be. There is a cut on the center of the hand which is hard but leaves a scar about an inch and a half across the hand—the hand being very narrow."

Plaintiff testifies that after being discharged from her confinement at the Charity Hospital, she returned there every other day for treatment for a period of 2 months.

We feel, on the whole, that an award of $500 to plaintiff is fair and will adequately compensate her for the injury.

For the reasons assigned, it is ordered that the judgment appealed from be annulled, avoided, and reversed, and that there now be judgment in favor of plaintiff, Mary Antoine, and against the defendant, Mrs. Lucille Werner, in the full sum of $500 with legal interest thereon from judicial demand until paid, and all costs.

Reversed.