## 12,893.

IN RE A. J. INGERSOLL, APPLYING FOR WRIT OF REVIEW TO THE COURT OF APPEALS, FIRST CIRCUIT, IN CASE J. O. TOOLE VS. C. H. MINGE.

Discretionary with this court, on the case as presented, to grant or withhold the writ of *certiorari*, or review, contemplated by the latter clause of Art. 101 of Constitution of 1898.

Not intended by the power there granted to make of the Supreme Court a sort of superior court of appeals over the Circuit Courts, to take jurisdiction of, and hear and determine any and all cases decided by the latter courts.

Nor that the Courts of Appeal should be made merely a stopping place for causes on their way from the District Courts to the Supreme Court.

It was, rather, the intention that the power thus lodged in the Supreme Court should be exercised only in special or extreme cases, whose peculiar circumstances, as to facts or law, justify, in the opinion of this court, a resort to it.

### AT CHAMBERS.

*Leonard & Randolph* for Petitioner.

*D. T. Land* for Respondent .

Petition filed June 30, 1898.

The opinion of the court was delivered by

BLANCHARD, J.   On application of the State of Louisiana on the relation of A. J. Ingersoll, one of defendants, for a writ of *certiorari* or of review, to the Court of Appeals, First Circuit, State of Louisiana. ₊

### AT CHAMBERS.

Plaintiff, on a state of facts alleged in a petition addressed to the District Court in and for the parish of Caddo, recovered a moneyed judgment against A. J. Ingersoll, a member of defendant's firm. On appeal this judgment was affirmed by the Court of Appeals of the First Circuit.

The opinion of the latter court was handed down on the 20th of June, 1898.

On the 30th òf June application was filed in this court, praying that a writ of *certiorari* or review do issue to the Court of Appeals, directing it to send up the record of the case to the end that the decision may be reviewed and passed upon here.

It is averred that a case is presented for the action of this court under Art. 101 of the Constitution of 1898, and it is asked that meanwhile all proceedings in execution of the judgment be stayed.

It nowhere appears that any notice of intention to apply for the writ was given either to the Court of Appeals or to the plaintiff in whose favor the judgment was affirmed.

The first part of Art. 101 of the Constitution authorizes the Courts of Appeal to certify to this court any question or proposition of law arising in any cause pending before them, concerning which they desire instructions for its proper decision.

The pending application does not come within that provision. The Court of Appeals does not certify any proposition of law to us and asks for no instructions for its guidance in determining the cause submitted to it on appeal.

The latter part of Art. 101 vests in this court the power to require, by *certiorari* or otherwise, any case to be sent up to it by the Courts of Appeal for review and determination here, provided the application be made within thirty days after the decision of the Court of Appeals has been rendered.

It is under this clause that the present application is made.

It is clearly the intention of this part of the article of the Constitution referred to that it should be entirely discretionary with this

court, on the case as presented, to grant or withhold the writ. This is demonstrated by the fact that no particular kind or class of cases is specified as to which the application may be made.

It was not intended by a resort to the power here granted to make of the Supreme Court a sort of superior court of appeals over the Circuit Courts, to take jurisdiction of, and hear and determine any and all cases that may have been decided by the latter courts in the exercise of their legitimate, constitutional jurisdiction. In other words, it was not intended that the Circuit Courts of Appeal should be made merely a stopping place for causes between one hundred dollars and two thousand dollars on their way from the District Courts to the Supreme Court.

It was, rather, intended that the power thus lodged in the Supreme Court should be exercised only in special or extreme cases, whose peculiar circumstances as to the facts or the law governing the same justify, in the opinion of this court, a resort to it.

For example, where the Court of Appeals refuses to be guided, in a clear case, by the well established jurisprudence as defined and laid down by this court, a case would be presented warranting this court in sending down its writ of review to bring up such cause for review and determination. This might be necessary to enforce uniformity of jurisprudence throughout the State in the courts thereof.

Other cases for other reasons may arise justifying a resort to the writ—care being always taken against its abuse, to the impairment of the dignity and power and usefulness of the Courts of Appeal, and protracting litigation and deferring the final enforcement of just rights.

The application now before us presents no such special or extreme case. An ordinary cause of action was prosecuted to judgment in the District Court and this judgment on appeal to the Court of Appeals is affirmed. The party cast seeks to bring the case here for review, taking the chance offered, hoping for its consideration and reversal by this court—evidently regarding it in the light of a further and additional right of appeal. Neither the facts nor the law as presented in the application and accompanying papers make out a case coming within the intendment of the constitutional provision, and the writ sought *is denied.*