No. 12,911.

MRS. EMMA HENKLE VS. MRS. FLORENCE BUSSEY, WIFE, AND C. A. McGOWAN, HUSBAND. IN RE C. A. McGOWAN APPLYING FOR CERTIORARI, OR WRIT OF REVIEW, TO THE COURT OF APPEALS, THIRD DISTRICT, STATE OF LOUISIANA.

*Certiorari*, under Constitution, Art. 101, will not issue to review decisions of Court of Appeals as to questions of fact. (*In re* Ingersoll, 50 An., recently decided; *In re* McLain, 50 An., recently decided; *In re* Murff, 50 An., recently decided).

Applicants to Supreme Court for *certiorari* under Art. 101 of the Constitution from decisions of Courts of Appeal, should assign their particular grounds of complaint, and specify wherein, in their view, the decisions sought to be reviewed depart from the jurisprudence of the State.

*Foster & Broussard* for Petitioner.

*W. F. Blackman* and *Julian Mouton*, Respondent Judges, for themselves.

Submitted on briefs November 7, 1898.
Opinion handed down November 21, 1898.

The opinion of the court was delivered by

NICHOLLS, C. J.   *In re* McLain *et al.*, No. 12,903 of the docket of this court, it was held (affirming *In re* Ingersoll, recently decided, and *In re* Murff, No. 12,996, recently decided), that the writ of *certiorari* authorized to issue under Art. 101 of the Constitution, was not intended to enable parties to review in the Supreme Court decisions of the Courts of Appeals on mere questions of fact.

The decision which relators seek in this proceeding to have reviewed is a decision of the Court of Appeals of the Third Circuit in a petitory action based upon the evidence adduced.

In the brief filed on behalf of the relators counsel say:

" We have quoted at length (the evidence) from the record only for the purpose of showing that the judges of the Circuit Court have drawn wrongful conclusions from the same, and only for the purpose of showing that they, in coming to their conclusions, have never referred to the salient parts of the evidence, but to only disconnected parts thereof apparently justifying their conclusions.   We admit the propositions they lay down to be correct ones of law."

Under such conditions we must decline to review the judgment of the Court of Appeals.   In the Murff case this court said:

" This writ of *certiorari* was not given to clothe the court with appellate jurisdiction, but to issue only in exceptional cases, mainly to secure uniformity of jurisprudence."

In matters of this character we expect not only that the legal principles upon which the case sought to be reviewed was decided should not be admitted to be correct, but that generally they should be specially attacked, and the claimed departure of the Court of Appeals in their decisions from the jurisprudence of the State should be specifically pointed out to us.

For the reasons herein assigned it is hereby ordered, adjudged

and decreed that relator's application for a review of the judgment of the Court of Appeals of the Third Circuit, referred to in his petition herein, be and the same is hereby dismissed.