## CIACCIO v. CASHIO ET UX.

—

(January 25, 1932. Opinion and Decree.)
(February 15, 1932. Rehearing Refused.)

—

William J. O'Hara, of New Orleans, attorney for plaintiff, appellee.

Deutsch & Kerrigan, of New Orleans, attorneys for defendants, appellants.

WESTERFIELD, J.   This suit results from an intersectional collision between a motor-truck and an automobile. The plaintiff, who at the time of the accident was driving his father's Ford truck, brings this suit against Mrs. Nunsel Cashio, who was driving her Buick automobile, and against her husband, Nunsel Cashio, for physical injuries alleged to have been caused by the collision.

There was judgment in favor of plaintiff in the sum of $1,000, defendant has appealed.

The accident occurred on November 1, 1930, at about 7:45 a. m., in the intersection of Esplanade avenue and Liberty streets. Esplanade avenue is divided by a neutral ground, and plaintiff had driven from the lower driveway onto the neutral ground where he stopped, blew his horn, and entered the upper side, and had almost completed the crossing, part of his truck having passed the curb and entered North Liberty street, when he was struck in the rear by the Buick car driven by the defendant Mrs. Cashio.

Mrs. Cashio was admittedly negligent in that she was driving too fast and in not keeping a proper lookout. In her answer she fixes her speed at twenty miles per hour, and in her testimony at 30 miles per hour, but we are convinced that she was going considerably faster than that. The sole defense is the alleged contributory

negligence of plaintiff, who is said to have entered the intersection at a time when to do so was imprudent because of the proximity of the Cashio automobile and the rapidity of its speed.

. The following provision of the traffic ordinance (No. 7490 C. C. S.) is of interest:

"7 Right of Way. * * *
"(d) On streets and avenues having neutral grounds and carrying street car lines, vehicles crossing such neutral grounds shall have right of way to complete the crossing of the roadway of such streets or avenues under the following conditions:
"Provided the vehicle shall come to a full stop when about to leave the neutral ground and enter the roadway, shall signal with horn, and give opportunity for approaching vehicles in the roadway to come to a stop; it being the intention of this provision to require vehicles in said roadway to stop upon receiving reasonable warning in order that vehicles standing on the neutral ground shall be permitted to complete the crossing of or turning into the roadway."

The effect of this provision is to give the automobile leaving the neutral ground with the intention of completing the crossing the right of way over those approaching on intersecting streets, provided it shall come to a stop and signal with its horn, and "give opportunity for approaching vehicles in the roadway to come to a stop."

There is no dispute concerning the stopping of plaintiff's truck and the blowing of his horn, but it is said no opportunity was given Mrs. Cashio to stop because of the speed at which she was traveling and the nearness of her car to the intersection.

There is some doubt as to how far Mrs. Cashio was from the intersection when plaintiff entered the roadway. The nearest point mentioned by any of the witnesses is a half of a block, and that particular block is said to measure 175 feet. This would place her car about 87 feet distant. She says she did not hear the horn nor see the truck until just before she struck it.

In the case of Williams v. Lenfant, 15 La. App. 515, 131 So. 857, we held the driver of a Chevrolet automobile guilty of contributory negligence because he entered the roadway from the neutral ground without affording sufficient opportunity to the driver of a Packard which was approaching the intersection to come to a stop. See, also, Bannon v. Picou, 15 La. App. 511, 132 So. 390, and Betz v. Menville, 18 La. App. 359, 137 So. 773.

The determining factor in the cited cases, as in the instant case, is whether at the time the automobile left the neutral ground, after having stopped and blown its horn, there was sufficient opportunity for vehicles in the roadway to stop. It will be recalled that the Ciaccio truck had entered North Liberty street when it was struck in the rear by the Cashio car. In other words, the truck almost escaped collision. If Mrs. Cashio had attempted to check the speed of her car when the truck left the neutral ground, she would certainly have avoided the accident. Her explanation of her failure to do so upon the ground that she did not see the truck will not excuse her, for she should have seen it. It was broad daylight and her vision unobscured. In her answer she claimed that an approaching street car prevented her seeing the truck, but in her testimony she stated that she did not see the street car until after the accident, and other witnesses establish the fact that the street car was not between the truck and the Cashio car, but behind it. Plaintiff was justified in relying on Mrs. Cashio's observance of the ordinance, having afforded her an opportunity to do so. Our conclusion is that defendant is liable.

Plaintiff was thrown from his truck to the ground and suffered a lacerated wound of the scalp with brush burns, small particles of gravel and dirt being embedded in the wound. He also suffered multiple lacerations of the left arm and leg, of the right hand and contusions of the right shoulder joint. He lost four weeks' wages at $30 per week, incurred a doctor's bill of $55, radiologist bill of $15, and ruined a suit of clothes and a hat valued at $30. We believe the sum of $750 to be proper under the circumstances.

For the reasons assigned, the judgment appealed from is amended by reducing the amount awarded plaintiff from $1,000 to $750, and, as thus amended, it is affirmed.