140 So. 43

**PIPES v. GALLMAN.**

No. 31540.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

George Wesley Smith, of Rayville, and Stirling Parkerson, of New Orleans, for plaintiff in error.

Theus, Grisham, Davis & Leigh, of Monroe, for defendant in error.

O'NIELL, C. J.

This is one of the cases referred to in the opinion handed down today in Pipes v.

Gallman (No. 31539) 140 So. 40,[1] where the facts of the case and the issues tendered are explained. The defendant in this case has raised an additional issue by filing a motion to dismiss this proceeding because the petitioner did not annex to his petition for the writ of certiorari and review copies of the briefs filed in the Court of Appeal. The reason why the briefs were not attached to the petition in this case, manifestly, is that copies of similar briefs were attached to the petition for the writ of certiorari and review in the case No. 31539. Be that as it may, the rule (section 5 of rule XIII) which provides that a petition for a writ of certiorari and review shall be accompanied by copies of all of the briefs filed in the Court of Appeal, is intended for the convenience and information of the court, to enable the court to determine readily whether the case should be brought up for decision by this court. A failure to obey the rule might justify our refusing to issue the writ, but it could not justify our dismissing the proceeding after issuing the writ and having before us the briefs filed in the Court of Appeal.

The amount of the judgment rendered by the district court appears to be correct, and is not especially contested. Miss Jessie Pipes was riding on the front seat of the car at the time of the accident and was very seriously injured. Her scapula or shoulder blade and a rib were fractured, and one of her kidneys was so injured that it had to be removed. The allowance of $4,000 for such injuries is not excessive. The amount allowed her father for medical, surgical, and sanitarium bills is in accord with the evidence.

---

[1] 174 La. 257.

The judgment of the Court of Appeal is annulled, and the judgment rendered by the district court is reinstated and affirmed, at the cost of the defendant.

140 So. 44

**BYRD et ux. v. GALLMAN.**

No. 31541.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

George Wesley Smith, of Rayville, and Stirling Parkerson, of New Orleans, for plaintiffs in error.

Theus, Grisham, Davis & Leigh, of Monroe, for defendant in error.