**140 So. 40**

**PIPES v. GALLMAN.**

No. 31539.

Feb. 1, 1932.

Rehearing Denied Feb. 29, 1932.

George Wesley Smith, of Rayville, and Stirling Parkerson, of New Orleans, for plaintiff in error.

Theus, Grisham, Davis & Leigh, of Monroe, for defendant in error.

O'NIELL, C. J.

This case and three others, No. 31540, Pipes v. Gallman (La. Sup.) 140 So. 43; [1] No. 31541, Byrd v. Gallman (La. Sup.) 140 So. 44,[2] and No. 31542, Sumlin v. Gallman (La. Sup.) 140 So. 44,[3] against the same defendant, are suits for damages for personal injuries suffered by four school girls in an automobile accident. The young ladies are Misses Bessie and Jessie Pipes, twin sisters, and Misses Mary Frances Byrd and Hazel Sumlin, all

[1] 174 La. 265.
[2] 174 La. 268.
[3] 174 La. 269.

sixteen years of age. They were riding as the guests of the defendant, Gallman, who was driving his own car, on the occasion of the accident. During the noon recess, the four young ladies went from the school to a drug store, about two blocks from the school, in Rayville. When they came out of the drug store, Gallman, who was twenty-four years of age, and employed at the drug store, drove up in his car and invited the young ladies to ride to school. The car was a Ford roadster with a rumble seat. Miss Bessie Pipes and Miss Sumlin took the rumble seat, and Miss Jessie Pipes and Miss Byrd shared the front seat with Gallman. When they reached the schoolhouse, Gallman suggested that they had time to take a ride; and so, with the consent of the young ladies, he continued beyond the paved street and on the graveled road towards Winnsboro. The accident happened about three miles from the beginning of the ride, and about a quarter of a mile beyond a curve in the road. It was straight for more than a quarter of a mile beyond the curve, but the gravel was loose and dangerous for fast driving. Gallman rounded the curve at a moderate speed, but then increased his speed to fifty or fifty-five miles an hour. About a quarter of a mile— perhaps less than twenty seconds—from the beginning of his speeding up, and when the speed got up to fifty or fifty-five miles an hour, the car bounced and zigzagged for a few seconds and then turned four somersaults, landing upside down, far beyond the first somersault. The two girls on the front seat with Gallman were caught beneath the car and badly injured. The two in the rumble seat were thrown out, and not so seriously injured.

Joe L. Pipes, as tutor of his minor child Bessie, and in his own behalf, brought this suit claiming $9,500 for the injuries which she had suffered, and $500 for the medical and surgical bills which he was compelled to pay in consequence of her injuries. He also brought the suit No. 31540, for $10,000 for the injuries suffered by his daughter, Jessie, and $1,500 for medical and surgical expenses incurred on account of her injuries. The parents of Mary Frances Byrd brought the suit No. 31541, claiming $9,000 in her behalf and $1,000 for medical, surgical and sanitarium bills which they were compelled to pay in consequence of her injuries. And the parents of Hazel Sumlin brought the suit No. 31542, for $9,500 in her behalf, and for $500 for the medical and surgical bills which they paid in consequence of her injuries. The four suits were consolidated for the purpose of the trial. The district court gave judgment in favor of Joe L. Pipes, as tutor of Bessie Pipes, for $500, and as tutor of Jessie Pipes, for $4,000 and in his own behalf for $942.20; and gave judgment in favor of W. D. Byrd and wife, parents of Mary Frances Byrd, for $2,000 for her account, and for $543.50 for their own account; and gave judgment in favor of Delbert Z. Sumlin and wife, parents of Hazel Sumlin, for $1,000 for her use and benefit. The defendant appealed to the Court of Appeal for the Second Circuit. 135 So. 690. That court also found that the accident was caused by the defendant's negligence, in driving too fast on the graveled road; but, before deciding the case, the court propounded to this court two questions, to the same effect, viz.: Whether the failure of the girls to protest against the excessive speed of the car was contributory

negligence. In certifying the facts to this court, the Court of Appeal did not inform us that the car had just commenced its excessive and dangerous speed when the accident happened, and that the girls, therefore, did not have time either to protest against or to acquiesce in the dangerous driving. The Court of Appeal merely certified that the car was going fifty-five miles an hour on a graveled road, that the girls were aware of the excessive speed but made no protest, and that the excessive speed was the proximate cause of the accident. From that we inferred that the car had been traveling at fifty-five miles an hour long enough for the girls to realize the danger and protest against it, and for the protest to have effect. Under that impression, we answered that the girls were guilty of contributory negligence in failing to protest against the excessive speed of the car. See Pipes v. Gallman, 173 La. 158, 136 So. 302. The Court of Appeal, therefore, rejected the plaintiffs' demands. The cases are before us now on writs of review, issued at the instance of the plaintiffs.

· There is no dispute about the facts, except perhaps in some minor details. It is said in the written opinion by the Court of Appeal that the young ladies knew that the speed of the car was excessive and failed to protest against it. But the fact is also disclosed—and is hardly disputed—that when the girls knew that the speed of the car was excessive they had not time to protest. The speed was increased so fast that the accident happened as soon as the danger arose. The girls became frightened and one of them screamed when the car began to bounce upon the road and swerve from side to side, but

her screams came too late; Gallman had lost control of the car.

■ The defendant has filed a motion to dismiss this proceeding because the petition for the writ of certiorari and review was sworn to by the plaintiff's attorney, and not by the plaintiff himself, and because the attorney did not swear that the plaintiff was absent from the parish. According to section 5 of rule XIII, 171 La. xiii, a petition for a writ of review may be verified by the affidavit of either the petitioner or his attorney, and if the attorney makes the affidavit he need not swear or even aver that the petitioner is absent from the parish. See Jackson v. Petrie & McFarland, 173 La. 593, 138 So. 113. The defendant here cites article 216 of the Code of Practice, which provides that, in all cases where "by any provision of this Code" an oath of a party is required, it may, in the absence of the party, be made by his agent or attorney. But the writ of certiorari or review, by which this court may review the decisions of the Courts of Appeal, is not provided for in the Code of Practice. It was first provided for in the Constitution of 1898, art. 101, and then in Act No. 191 of 1898, p. 436, and is now provided for in sections 11 and 25 of article 7 of the Constitution of 1921. It is not the same process as the writ of certiorari that is provided for in articles 855–866 of the Code of Practice. There is no merit, therefore, in the defendant's motion to dismiss this proceeding.

■■ The defendant has filed also a plea of res judicata, founded upon the answer which this court gave in Pipes v. Gallman, 173 La. 158, 136 So. 302. We considered the question of res judicata before granting the

writ of certiorari and review in this case, and came to the conclusion that the answer which we had given to the Court of Appeal, on the facts which the court had certified, was not decisive of the case when the additional fact appeared that the young ladies who were injured had not had time to realize and to protest successfully against the dangerous driving. When this court gives an instruction to one of the Courts of Appeal on a question of law arising in a case before that court, under the provisions of section 25 of article 7 of the Constitution, the instruction is controlling, as far as it goes, in the Court of Appeal, but it does not take away the power of the Supreme Court to require, afterwards, by writ of certiorari or review, under the provisions of section 11 of the same article of the Constitution, that the case be brought up for review and decision as if on appeal. When the Court of Appeal asks for instruction, under the provisions of section 25 of article 7 of the Constitution (section 1 of Act No. 191 of 1898, p. 436), "the Supreme Court may either give its instruction on the question certified to it, which shall be binding upon the Court of Appeal in such case, or it may require that the whole record be sent up for its consideration, and thereupon shall decide the whole matter in controversy in the same manner as if it had been on appeal directly to the Supreme Court." We did not require the whole record to be sent up for consideration before answering the question propounded by the Court of Appeal in this case. We do not issue a writ of certiorari or review, under section 11 of article 7 of the Constitution (section 2 of Act No. 191 of 1898, p. 437), in any case where it appears that the decision de-

pends upon a question of fact, and not upon a question of law; but after we have issued the writ and the case is brought here for decision, we have to consider and decide every question on which the decision depends, either of law or of fact, because, in such cases, according to the precise language of the Constitution, we then exercise the same jurisdiction, or "the same power and authority in the case," as if it had come to this court directly by appeal. The defendant's plea of res judicata, therefore, is not well founded.

■ On the merits of the case, it was found by both the district court and the Court of Appeal—and there is no doubt about the fact —that the accident was caused by the defendant's negligence in driving too fast on a graveled road. The only defense that he urges is that the young ladies, who were his guests in the car, acquiesced in the fast driving and were therefore guilty of contributory negligence. That would be true, perhaps, if the car had traveled a considerable distance at the dangerous rate of speed, and if the young ladies had thus had ample time to realize the danger and to protest against it in time to avoid the accident. Dixon v. V., S. & P. R. Co., 139 La. 329, 71 So. 527; Hutchens v. Morgan, 12 La. App. 545, 125 So. 309; Williams v. Lenfant, 15 La. App. 515, 131 So. 857; Leopold v. Texas & Pacific Ry. Co., 144 La. 1000, 81 So. 602; Lorance v. Smith (Grantham v. Smith) 173 La. 883, 138 So. 871; 42 C. J. 1170, § 948; Blashfield's Cyclopedia of Automobile Law, vol. 2, p. 1086. But a person riding in an automobile driven by another person at a dangerous speed cannot be deemed to have acquiesced in the dangerous speed unless he is in a position where he can

protest and unless the dangerous speed has continued long enough for the party not in control of the car to realize the danger and to protest in time to avoid an accident. Lawrason v. Richard, 172 La. 696, 135 So. 29; Timberlake v. Cassidy, 1 La. App. 630. In the instructions which this court gave in the present case, Pipes v. Gallman, 173 La. 158, 136 So. 302, it was said that there was no conflict of opinion between Hutchens v. Morgan and Timberlake v. Cassidy, "because in the last case it was found that the guest who failed to give warning did not become aware of the danger until too late to avoid it." Our conclusion, therefore, is that the young ladies in this instance were not guilty of contributory negligence.

The amount of the damages allowed by the district court appears to be correct and is not especially. contested. Miss Bessie Pipes' face was badly bruised and lacerated, and her eye was closed and emitted pus for about two weeks. The amount allowed the plaintiff for the expenses which he incurred for medical and surgical and sanitarium bills is in accord with the evidence.

The judgment of the Court of Appeal is annulled, and the judgment rendered by the district court is reinstated and affirmed, at the cost of the defendant.

140 So. 43