## ADAMS v. MORGAN et al.
### No. 1696.

Court of Appeal of Louisiana. First Circuit.

May 6, 1937.

For former opinion, see 173 So. 540.

Roland C. Kizer and Jos. A. Loret, both of Baton Rouge, for appellant.

Lemle, Moreno & Lemle, of New Orleans, and Breazeale & Sachse, of Baton Rouge, for appellees.

LE BLANC, Judge.

Counsel for plaintiff appellant complain of our ruling on the question of negligence as charged against the defendant Mrs. Morgan who was driving the car in which plaintiff was riding at the time of the accident which gave rise to her suit for damages. They urge that we have failed to properly apply the rule governing the conduct of the driver of an automobile overtaking another on the highway as the rule was intended as a safeguard against accidents of the kind which occurred in this case, and that we should have held the driver of the car negligent for not having given timely warning of her intention to pass ahead of the other car. We endeavored to support our holding on this point by first analyzing the rule and then applying it to the particular state of facts before us, which, so far as they related to this point, seemed not to be disputed. We think we succeeded in this endeavor. At any rate, counsel have not satisfied us that we were in error.

On another point, however, we find that we were in error. We were of the impression that the only matter involved on appeal was the question of Mrs. Morgan's negligence and we failed to review the judgment against her codefendant, Theogene Thibodeaux, especially as to quantum. Mrs. Adams had appealed from the whole judgment and was entitled to have her claim for an increase in the amount awarded her against Thibodeaux passed on.

In her petition, Mrs. Adams demanded damages in the sum of $6,355. She apparently concedes that some of the demands have not been proven, and that others have not been proven in the amount asked, as in brief before this court she claims that she is entitled to judgment for at least $4,276 which amount ought to be made up of the following items: For loss of wages for two months and twenty days, $266; for cost of X-ray pictures, $10; and for injury to her knee, $4,000. The judgment below allowed her the amounts stated for loss of wages and for X-ray pictures, but limited her to the sum of $300 for the knee injury. It is only on this last item, therefore, that there is complaint.

We have carefully gone over the testimony concerning Mrs. Adams' knee injury and have concluded that it was not near as serious as she claims. Only two doctors testified in open court, concerning

158

the same, one as her witness, and the other on behalf of the defendants. The latter was Dr. Morgan, father of Mrs. Morgan, one of the defendants, at whose home in Melville she and the plaintiff stopped after the accident. He did not seem to attach much importance to the injury. He says that there was an incision below the patella on the right leg but he did not detect any fracture. If there was a fracture, it was an incomplete one, which we take to mean that there ·was not a complete break or separation of the bone involved. "It was just simply a minor case," he states, and appears to have based this opinion to some extent on the fact that Mrs. Adams continued on the journey to Lake Charles, where she was going to visit her daughter.

The other doctor who testified is Dr. Boizelle, who saw Mrs. Adams on her return to Baton Rouge. He saw no clinical signs of a fracture, but admits that it would be impossible to have detected one without making an X-ray. It developed that after Mrs. Adams had returned to New York where she resided, she had X-ray pictures taken of her knee and on examining these, Dr. Boizelle found that they showed a transverse fracture of the kneecap or patella, without any displacement. The term "without any displacement" we take to mean the same as Dr. Morgan's expression that the fracture was an "incomplete one." Instead of a break there was only a crack in the bone. The usual time for healing in fractures like this, with immobilization, he says, is six weeks.

The radiologist who made the X-ray pictures and another doctor in the city of New York testified by deposition. The former, Dr. Engel, is positive of course that there was a fracture of the patella which he thinks must have caused severe pain, and he is of the opinion that the injury will be permanent. The latter, Dr. Davidson, saw Mrs. Adams some time after the accident and says that then all evidence of disability had gone. Unless he was given an opportunity to examine the X-ray pictures which would disclose a fracture, he would not admit that such a fracture had been sustained.

Summed up, therefore, the medical testimony shows, at the most, that plaintiff sustained an incomplete fracture of the patella, which caused her much pain no doubt, but not intensive enough to have prevented her from continuing on an automobile trip from Melville to Lake Charles a few hours after it occurred, where she visited her daughter, and returning to Baton Rouge the next day. She says that she was confined to bed for one month because of the injury. That she claims to have lost only a bit more than two months' wages would indicate that after that time she had recovered altogether. The preponderance of the testimony certainly is that her injury was not of a permanent character.

We have examined the authorities cited on both sides with regard to quantum and find that the award as made by the lower court is in line with that usually made for injuries such as was suffered by the plaintiff and have decided not to change it one way or the other.

Thus it appears that a reconsideration of the record leads us to the same conclusion reached before, that is, that the judgment appealed from should be affirmed, and for this reason, the application for a rehearing will be denied.