LAND, Justice.
 

 The writ of review granted in this case was improvidently granted, as the case presents only questions of fact.
 

 The issues involved in the case are stated by the Court of Appeal, parish of Orleans, as follows:
 

 “The plaintiff, a negro laborer, was employed in a hazardous occupation during the month of December, 1931. While in the performance of his duties, the middle or second finger of his right hand was pierced by a steel splinter or sliver. He was treated for the injury by physicians of the defendarit, and later, on January 14, 1932, his entire finger was amputated because infection had set in and it was feared that it might expand to other parts of his body. The defendant paid him compensation, at the rate provided for by the Employers’ Liability Act (Act No. 242 of 1928, p. 357, § 8, subd. 1(d), par. 3), for 20 weeks.
 

 “On September 7, 1932, he filed suit, in which he seeks to recover compensation for a period of 150 weeks, on the theory that he has completely lost the use of his right hand. Subsequently, by an amended petition filed on May 28, 1934, he increased his demand, so as to claim compensation for 400 weeks, premised upon the contention that he is totally and permanently disabled to do work of any reasonable character.
 

 “In due course, the defendant answered and admitted the employment of plaintiff and the injury during the course of his employment. However, liability is resisted on the ground that plaintiff has fully recovered from his ailment and has been paid all the compensation to which he is entitled by law (viz: 20 weeks for the loss of the second finger of his right hand).
 

 “The issue presented is whether plaintiff, as the result of the injury and subsequent amputation of his finger, has suffered further disability.
 

 “Plaintiff’s main clairrf, when the case was first tried, was that, since the amputation of his finger, he has been unable to close his right hand, which disables him from performing manual labor. He contends that he can not close his right hand because it is now afflicted with fibrinous arthritis and also that, at the top of the stump (where his finger has been amputated), there now exists a neuroma, which
 
 *501
 
 is defined to be a sensation of pain resulting .from nerve ends being caught in the scar tissue.
 

 “In order to substantiate his allegations, he testified that since the amputation of his finger, he has been unable to close his right hand and that, as a result of his inability in that respect, he cannot perform manual labor. He states that he has attempted to work without success, but admitted that, at the time of the trial, he was in the employ of the Emergency Relief Administration of the United States.
 

 “Plaintiff’s statement, regarding his inability to close his hand, is corroborated by his physician, Dr. Ford N. Jones, who attributed the disability to a spread of the primary infection, from the point where the finger was injured, to other parts of the hand. This doctor is of the opinion that plaintiff is suffering from fibrinous arthritis which involves all of the joints of the hand. The witness further relates that, when he examined the stump where plaintiff’s finger was amputated, it revealed that it is highly sensitive to touch and it is his impression that plaintiff is afflicted with a neuroma.
 

 “On the other hand, defendant submitted the evidence of Doctors J. R. Flowers, D. J. Farley and J. C. Rives, all of whom testified that plaintiff is free from disability and voiced the opinion that he is a malingerer.”
 

 (1) The trial judge, after hearing the evidence in the case, arrived at the same conclusion, which is supported by the testimony of three physicians against the testimony of one physician testifying on behalf of nlaintiff.
 

 As stated in the opinion of the Court of Appeal, parish of Orleans, “The issue presented is whether plaintiff, as the result of the injury and subsequent amputation of his finger,
 
 has suffered further disability”;
 
 a question purely
 
 of fact.
 
 (Italics ours.)
 

 As the testimony is conflicting, and a fair preponderance of the evidence is on the side of defendant, and as the three doctors testifying for defendant were deemed trustworthy witnesses by the trial judge and by the three judges of the Court of Appeal, parish of Orleans, we do not find any sufficient ground for disturbing the judgment rendered in this case by the appellate court.
 

 The judgment of the Court of Appeal, , parish of Orleans, is affirmed.
 

 HIGGINS, J., takes no part.