## CAILLETEAU v. HIGHTOWER.

### No. 5640.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

John R. Hunter & Son, of Alexandria, for appellant.

R. B. Sadler, Jr., of Alexandria, and J. L. Warren Woodville, of New Orleans, for appellee.

DREW, Judge.

This is a companion case and was consolidated for trial with Bradshaw Watson v. Charles D. Hightower, 181 So. 612, decided by us this day, and for the reasons assigned by us in that case, we find the judgment of the lower court holding defendant liable to plaintiff for damages received in that accident, is correct.

Defendant seriously questions the amount awarded plaintiff by the lower court and asks that it be reduced. The lower court awarded plaintiff judgment of $2,000.00. He sued for $5,250.00. He alleged the injuries received by him were as follows:

He was rendered unconscious for several days, suffered long, deep laceration of the forehead and over the left eye, fracture of the skull, severe contusions and bruises all over his body. Was confined in a hospital for nine days, and further confined to his bed for three weeks, and was unable to work for seven weeks. He itemized his damages as follows:

Medical and hospital fees,....$150.00
Pain and suffering,..........5000.00
Loss of wages................100.00

Plaintiff was a minor at the time this suit was filed in his behalf by his father. Before the case was tried, he became of age and was made party-plaintiff in the stead of his father. He paid no hospital and medical bills himself and none were proven. That item passes from the case. There was no proof offered on the item of loss of wages, leaving the only remaining item to be that for pain and suffering. As has been many times stated, there is no fixed rule to be governed by in awarding damages for pain and suffering. In this case, plaintiff is shown to have suffered a great deal. It was not, however, of very long duration. He was able to be about his business in about seven weeks.

We are of the opinion at this time that the judgment is excessive by $750.00. It therefore follows that the judgment of the lower court is amended by reducing the judgment in favor of plaintiff from $2,000.00 to $1,250.00, and as amended, the judgment is affirmed. Plaintiff to pay the cost of appeal.