## DESCANT v. HIGHTOWER.

### No. 5639.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

John R. Hunter & Son, of Alexandria, for appellant.

R. B. Sadler, Jr., of Alexandria, and J. L. Warren Woodville, of New Orleans, for appellee.

DREW, Judge.

This is a companion case to No. 5638, styled Bradshaw Watson v. Charles D. Hightower, 181 So. 612, decided by us this day.

The lower court rejected plaintiff's demands, and for the reasons assigned, in our opinion, in case No. 5638, the judgment of the lower court is erroneous and it is reversed; and there is now judgment in favor of Gaston P. Descant and against Charles D. Hightower in the sum of $880.-00, with legal interest from judicial demand until paid.

The petitioner alleged that as a result of the accident, he was rendered unconscious, suffered severe lacerations of the right ear, lacerations of the neck, face and above the right eye, and a fracture of the second finger of the right hand. He itemizes his damage as follows:

| | |
|---|---|
| Medical and hospital fees........ | $ 80.00 |
| Damage to car................. | $ 50.00 |
| Pain and suffering............. | $1000.00 |

When plaintiff was taken to the hospital after the accident, he was in a semi-conscious condition and remained so for a day or two. He stayed in the hospital for nine days. The laceration of his forehead and over the eye left a scar about three inches in length. A scar over the eye, about a half inch long was more of a puncture. His skull was fractured over the left eye. He was bleeding a great deal when taken to the hospital. There is apparently no permanent injury. This state of facts was testified to by Dr. Murrell. Dr. Wallace described plaintiff's injuries as follows:

"Mr. Descant, he had a badly lacerated, almost mutilated left ear, and he had a deep laceration of the left side of the neck, and he had several minor lacerations of the face, and he had a fracture of the third metacarpal, oblique fracture of the right hand."

He treated plaintiff for a number of weeks. His injuries were very painful. His wounds required many stitches to be taken by the doctor. The doctor's bill was $45.00. There is no permanent injury other than the scars.

Plaintiff also had bruised ligaments in his leg, which prevented him from walking for about six weeks. His hospital bill was $35.00.

The above facts are not contradicted. The medical and hospital fees have been proven and amount to $80.00. The damage to the car of $50.00 we think is likewise proved, and we are of the opinion that a sum of $750.00 for pain and suffering is sufficient to recompense plaintiff in this case.

It is therefore ordered, adjudged and decreed that there be judgment in favor of plaintiff and against defendant in the full

sum of $880.00, with legal interest thereon from judicial demand until paid, and all costs of this suit; and that the judgment of the lower court is reversed.