## WATSON v. HIGHTOWER.

### No. 5638.

Court of Appeal of Louisiana. Second Circuit.

Jan. 3, 1938.

Rehearing Denied Jan. 28, 1938.

R. B. Sadler, Jr., of Alexandria, and J. L. Warren Woodville, of New Orleans, for appellant.

John R. Hunter & Son, of Alexandria, for appellee.

DREW, Judge.

This matter comes before us on three separate appeals from three separate judgments rendered in three separate suits which were consolidated for trial below and consolidated for trial here. Two of the plaintiffs, namely, Watson and Cailleteau, were riding in an automobile driven by the other plaintiff, Descant, at the time the car and a truck owned by defendant collided. All three of the plaintiffs were injured and filed these suits to recover for their damages.

Judgments were rendered below in favor of Watson in the sum of $530.00, in favor of Cailleteau in the sum of $2,000.00, and in favor of the defendant and against Descant, the driver of the car, dismissing his suit at his cost. Defendant appealed from the judgments in the Watson and Cailleteau cases, and plaintiff has appealed from the judgment in the Descant case.

The undisputed facts in the case are as follows:

Defendant's truck was traveling towards the business section of Alexandria, on Lee Street, which is forty feet wide. The car in which plaintiffs were riding was proceeding out Lee Street, going away from the business section of Alexandria. At the place of the accident, a truck was parked close to the curb on the right side of plaintiffs, as they were then traveling. The two vehicles collided at a point just opposite where the truck was parked. The parked truck was next to the curb. Plaintiff's car was next to the parked car, and defendant's truck was next to plaintiff's car and near the center of the street.

Plaintiffs allege that defendant was negligent in that his truck was traveling at an excessive rate of speed and was traveling on its left side of the street. Defendant denies these allegations of negligence and alleges that the proximate and sole cause of the accident was the negligence of the driver of plaintiff's car, in that plaintiff's car, without slackening its speed, pulled out to the left of the direction in which it was traveling and toward defendant's truck, in order to pull around the parked truck, which was in its path; and in so doing, plaintiff's car came over to the side of the highway on which defendant's truck was properly proceeding, and the front of plaintiff's car crashed into the left side of defendant's truck. In the alternative, he plead contributory negligence on the part of the driver of plaintiff's car; and that the driver's negligence was imputed to the other two plaintiffs, for the reason the three plaintiffs were on a joint adventure.

The only testimony offered on the defense of joint adventure was offered by plaintiffs, and clearly shows that Watson and Cailleteau were guests in the car of Descant. The defense of joint adventure therefore passes from the case. The testimony as to the excessive speed of defendant's truck is very conflicting, so much so that we cannot find the truck was traveling at an excessive speed.

The only remaining charge of negligence to determine is whether or not defendant's truck was traveling on its left side of the center of the street; and if so, was that the proximate cause of the accident?

The parol testimony on this question is conflicting; but the physical facts, which speak for themselves, convince us that the truck was straddling the center of the street

and its left wheels were at least eighteen inches to its left of the center of the street, before and at the time of the collision. This fact is conclusively shown by the skidmarks made by the wheels of the truck. They speak louder than the witnesses, who claim the truck was near the center of the street; but not to the left of the center. The body of the truck extended over the wheels and was wider than the distance that measured from the outside of the wheels. We feel safe in saying the body of the truck extended at least two feet to the left of the center of the street at the time of the accident. Both vehicles were traveling at a moderate rate of speed, approximately fifteen to twenty miles per hour.

When plaintiff's car was about fifty feet from the parked truck, the driver discovered it. Assuming that he pulled it to the left at that time, to avoid running into the truck, there was no reason for the car to be pulled over to the left of the center of the street. There was at least thirteen feet between the parked truck and the center of the street, and sufficient room for plaintiff to pull out and pass without crossing to the left of the center of the street. We are certain plaintiff's car was not, before or at the time of the collision, on its left side of the center of the street. After the accident, when it had been pulled around by defendant's truck and caused to be in an angling position, with the front of it facing anglingly towards the way it came, the front end was still on its right side of the center of the street, and its back end only about one and a half feet from the parked truck. We conclude, therefore, as at the time of the collision, plaintiff's car was on its right side of the street, and defendant's car was on its left side of the street.

After the accident, defendant's truck was brought to a stop, a distance of from 150 to 200 feet up the street, and came to a stop on its left side of the street; the truck being close to the curb and the trailer extending out into the street. The truck and trailer together are thirty-four feet in length, and together with the load they carried, weighed 24,000 pounds. Plaintiff's car was a passenger automobile.

■ Under the conditions that prevailed at the scene of the collision, the defendant was negligent in driving on the left side of the road. The sole question now is: Was defendant's negligence the proximate cause or a proximate cause of the accident, and was the driver of plaintiff's car guilty of any contributory negligence which was a proximate cause?

Defendant contends that if his truck was on his left side of the road, that it was not the proximate cause of the accident; but that the negligence of the driver of plaintiff's car was the proximate cause. He contends that plaintiff's car, when it turned to its left to pass the parked truck, failed to turn back to its right before it struck his truck, and that plaintiff's car ran head-on into the defendant truck; seriously urges this as a fact, and relies strongly on the photographs in the record to establish that the front end of plaintiff's car was greatly damaged and only the side of the truck from the cab back, was damaged.

The photographs clearly show that the damage to the truck was just back of the cab where the body of the truck begins, and the damage to plaintiff's car was to the left front part and entire left side of the car. There is a dent on the extreme left side of the radiator and damage to the left headlight, fender, door and extreme left side of the cowl. The picture clearly demonstrates that the only part of plaintiff's car that came in contact with defendant's truck was its left side, as above described. The body of the truck is considerably wider than its cab and extends out on each side further than its fenders. The front of this body is what collided with plaintiff's car. The record discloses that immediately following the impact, the truck dragged the front end of plaintiff's car around to its left. The driver of plaintiff's car testified that he saw the truck coming on its left side of the street, but due to its lights, he thought it was a passenger car and knew he had sufficient room to pass between it and the parked car, if it was, even though it was on its left side of the street. He could not see the protruding body of the truck. When he realized it was a truck, he was helpless to do anything for the reason the parked truck was to his right, which prevented him from turning further that way if he had had time to do so. He testified that he saw the parked truck fifty feet before he arrived opposite it, and that there was no need for him to suddenly turn to his left, when close upon it; and that he did not suddenly pull to his left. When he arrived at the point the truck was parked, he was traveling parallel with it and not angling to his left.

Other than the fact that the truck was on its left side of the road, and the body of the

truck protruding far enough to come in contact with plaintiff's car, which was on its right side of the road, and in that manner account for what is shown by the photographs, it is most plausible to assume that the driver of the defendant truck did, by impulse of the moment, what every driver will do when he realizes he's about to have a collision. It is most natural that under such circumstances, the driver would pull his truck suddenly to his right in an attempt to avoid the collision. In doing so, he could easily have succeeded in getting the front part of his truck out of the path of the car and still have the remainder of the truck directly in its path. Under such circumstances, the car would have struck the truck, as shown by the photographs, even though the car had been traveling straight out the street.

However, if we should find that plaintiff's car suddenly came out from behind the parked car and headed angling toward the center of the road, it is a fact that it never crossed the center of the road, as the collision occurred on plaintiff's right side of the road, and there is nothing to show that it would not have missed the truck had the truck been on its right side. To hold that the collision would have happened even if the truck had been on its right side of the street, we would have to assume that plaintiff's car would have continued across the center of the street and on to its left side; and we would be assuming a fact without any evidence to support it.

█ The law is well settled that one driving on his right side of the road, and seeing another vehicle coming from the opposite direction on its left side of the road, as are the facts in this case, has the right to assume that the vehicle coming from the opposite direction will pull to its right and leave half of the road or street for the use of him. Babbitt Motor Vehicle Law, 4th Edition, 587.

█ The law is also well settled that one who can and does not concede to another the latter's side of the road or street, carries the burden of showing that his fault did not cause the accident. The presumption is against the party who is on the wrong side. Potter v. Glassell, 146 La. 687, 83 So. 898; Berry Automobiles, 6th Edition, Vol. 1, 237.

█ It has been often held that it is not negligence, per se, to drive on the wrong side of the road; but on meeting another car, if he fails to pull to his right side of the road, it is negligence. Defendant has not overcome the burden resting on him to show that the negligence of its driver, in remaining on the left side of the road, was not the proximate cause of the accident. We are convinced this act of the driver, in continuing on his left side of the road, up to the moment of the accident, was the proximate cause of the accident, and that defendant has failed to establish any negligence on the part of the driver of plaintiff's car, and that the plea of contributory negligence therefore fails.

The amount of the award in this case is seriously contested by defendant. The lower court awarded plaintiff judgment in the sum of $530.00. The damage claimed by plaintiff was $50.00 for medical and hospital fees, and $500.00 for pain and suffering. There is no claim for permanent injuries. The medical and hospital fees were proven to amount to $30.00, and the judgment in that respect is correct.

Plaintiff describes his injuries as follows:

"My forehead was cut. I was confined to the bed in the hospital for twelve days, and after that, at my home for some time. Fourteen stitches were taken in my forehead by the doctor and my leg was bruised."

██ He further stated he had to take sedatives in order to sleep, for a period of about four weeks after the accident. He claims to have suffered from the bruises and shock caused by the accident. He was a student at the Louisiana State University, and on account of his injuries, was two weeks late in entering school. The cut on the forehead started at the hair-line and came down to the eyebrow near the eye. There is no claim for damages on account of the scar. We are only concerned now with the amount due for pain and suffering. The record shows that plaintiff did suffer from the injuries received in the accident. His suffering was due as much to the shock he received as to the laceration of his forehead and bruises on his leg. While there is no set amount of damages fixed for pain and suffering in cases of this kind, each case being governed by the facts peculiar to it, we are convinced that in this case, an award of $350.00 will be sufficient to compensate plaintiff for the pain and suffering he endured.

The judgment of the lower court is therefore amended by reducing the amount

awarded plaintiff to the sum of $350.00 and as amended, it is affirmed. Cost of appeal to be paid by the plaintiff-appellee.