### ARCENEAUX et al. v. PRATHER et al.
### No. 1841.

Court of Appeal of Louisiana. First Circuit.

June 14, 1938.

Dubuisson & Dubuisson, of Opelousas, for appellants.

J. Y. Fontenot, of Opelousas, for appellees.

DORE, Judge.

This is a companion suit to that of Preston Stelly against the same defendants, 182 So. 171, this day decided. The suit is by the father of Joseph Arceneaux, the boy who was riding the bicycle along the west curb of Main Street, and was struck by the truck driven by Prather just after its collision with the Stelly car. The same charges of negligence were made against Prather as were made in the other suit, and the answer of the defendants is the same, except that there is no effort made to charge or hold the Arceneaux boy guilty of any contributory negligence.

The reasons given in the Stelly Case for holding the defendants liable for damages resulting from the collision apply with equal or greater force in this case. Consequently, the only thing to do in this case is to pass on the amount of damages.

The father of the boy asks for damages in his individual capacity in the sum of $4150, and in behalf of his minor son in the sum of $1596. The nature of the damage sustained by the father was not alleged or proved, and his claim was not allowed. No complaint is made on the appeal by the father on account of the disallowance of his claim. Judgment was rendered in favor of the boy in the sum of $896, and defendants have appealed.

The medical testimony shows that this eighteen year old colored boy received a laceration of the scalp, brush burns and abrasions of the body, face, arms and legs, and a severe contusion of the left hip. The boy was in bed and was seen by the doctor daily for some five days. During that time he suffered considerable pain and had a slight hemorrhage from the nose and chest, and was given sedatives to relieve the pain. The boy received treatment at the hospital after he got up and was disabled from work for 12 weeks. He was a delivery boy and received $5.50 per week. The lower court properly allowed him $60 for loss of time. The boy's bicycle was demolished and he was allowed $36 for that item which does not seem to be questioned.

The boy's injuries are entirely healed, and an award of $500 is sufficient for the personal injuries received. The judgment will have to be amended accordingly.

For these reasons, it is ordered that the judgment appealed from is amended by reducing the amount from $896 to $596 and as thus amended the judgment is affirmed. The plaintiff to pay the cost of this appeal, defendant to pay all other costs.