## FIELDER et al. v. INDEMNITY INS. CO. et al.

### No. 5774.

Court of Appeal of Louisiana. Second Circuit.

Feb. 6, 1939.

Irion & Switzer and Henry F. Turner, all of Shreveport, for appellants.

Barksdale, Bullock, Warren, Clark & Van Hook, of Shreveport, for appellee.

TALIAFERRO, Judge.

These tort actions grew out of a headon collision between the automobiles of plaintiff, Lonnie L. Fielder, and defendant, McFadin & Ford, Incorporated. The Fielder car was being operated by his wife, accompanied by her daughter, Dora Elizabeth, age nine and one-half, and Lonnie, Junior, age eight. The other car was being driven by Glen E. McFadin, president of his company, presumably on a mission for it. Mrs. Fielder suffered painful injuries from the collision. The two children were only slightly injured. Their automobile was practically demolished.

Lonnie L. Fielder sues to recover the damages done to his car and for the expenses incurred to alleviate his wife's injuries. He also sues as the father and legal representative of his two minor children to recover damages for the physical injuries they sustained in the accident. Mrs. Fielder also sues for damages for the injuries she suffered. McFadin & Ford, Inc., and its insurer, Indemnity Insurance Company, were impleaded defendants. The negligence of Glen E. McFadin is alleged to have been the sole cause of the collision. Defendants positively admit the truth of this allegation. Therefore, the only question tendered by the pleadings for decision is the amount of damages each plaintiff is entitled to.

At the beginning of the trial, a stipulation was entered between counsel wherein it was admitted that defendants' liability to Lonnie L. Fielder is as follows:

Damage to automobile........... $174.50
For storage and towing.......... 24.00
For x-ray of wife and medicines.. 30.00
_____
$228.50

The lower court awarded Mrs. Fielder judgment for $1350. The minor, Dora Elizabeth, was given judgment for $100; and the minor, Lonnie, Junior, was awarded $50. Defendants prosecute appeals. In this court counsel for defendants concede the correctness of all of the awards, except that in favor of Mrs. Fielder. This one is vigorously assailed as being excessive.

It is argued on behalf of appellees that each award should be substantially increased. Since the appeal has not been answered, no relief, even if found to be otherwise warranted, could be granted on this score.

Mrs. Fielder was at the steering wheel when the collision occurred. The impact impelled her body forcefully forward against the wheel and windshield. The most serious superficial wounds suffered were one immediately above the left eyebrow, one and one-half inches long, and another, near the same length, just below the left knee. Both cuts were to the bone. There were also inflicted upon her body many bruises which soon became "black and blue", especially on and about her face. One eye closed and remained so for several days.

Immediately after the accident, Mrs. Fielder was hurried to a sanitarium and was treated by Dr. J. G. Pou, her family physician for twenty years, who, it happens, is also the retained physician for the insurer in this case. She was then in a highly nervous condition, caused from the shock of the impact. A stimulant and a sedative were administered to her, after which the two wounds were sutured. She was then carried to her home. She was confined to bed for three or four weeks and thereafter to her home for a few weeks. However, in the early part of September, she was able to operate her automobile. As is generally true of injuries of the character received by plaintiff, hers soon cleared up leaving only two scars as objective signs. The one under the eye is noticeable but will become much less so when the discoloration about it clears up.

Dr. Pou discharged plaintiff on July 6th, the eleventh day after the accident, as being well of her wounds. She was then, as she had done all along, complaining of pain in the chest. This was the aftermath of the violent contact with the steering wheel and a symptom to be expected from

such a contact. However, an X-ray picture and close physical examination disclosed no broken bones nor ruptured organs in and about the chest. Prior to the date of trial the soreness of the chest had disappeared. She was then suffering from a slight numbness to and tingling of the little and ring fingers of the left hand. These sensations · are attributable to the bruising of nerves supplying the left arm and hand, and will soon pass away.

It is contended that the shock from the collision produced nervous disturbances with which plaintiff claims she was suffering at the time of trial eight months after the accident. Dr. Pou testified that normally "she is a little nervous at times"; that this condition was naturally aggravated by the accident, but had cleared up several months prior to trial at which time, from a nervous standpoint, she was normal. In this opinion he is corroborated by Dr. Garrett. Only these two physicians examined plaintiff.

Plaintiff suffered considerable pain from the wounds and bruises, and after these had ceased to bother her, the chest was the source of some pains and much discomfort. There are no permanent ill effects of the accident, save the small scar over the eye.

Appellants, in the earnestness of their efforts to convince us that the award in favor of Mrs. Fielder is excessive, cite and rely upon the following cases: Hight v. Casanas, 6 La.App. 30; Escalante v. Richard, 14 La.App. 579, 580, 130 So. 567; Hanover v. Brady, La.App., 148 So. 267; Pipes v. Gallman, 174 La. 257, 140 So. 40, 44; Bethancourt v. Bayhi, La.App., 141 So. 111; Ciaccio v. Cashio, 19 La.App. 65, 139 So. 34; Adams v. Morgan, La.App., 174 So. 157; Watson v. Hightower, La. App., 181 So. 612; Descant v. Hightower, La.App., 181 So. 616; Arceneaux v. Prather, La.App., 182 So. 175; Thompson v. Travelers Ins. Company, La.App., 182 So. 356, and Chaudois v. Cotey, La.App., 182 So. 526.

A study of the facts and award in this array of cases has led us to conclusion that the lower court was too liberal in assessing the damages defendants should pay. In Descant v. Hightower, supra, decided recently by this court, plaintiff's injuries and suffering, etc., it seems to us, were as serious or more so than those experienced by plaintiff herein. An award of $750 was allowed. The syllabus in that case reads:

"An award of $750 for pain and suffering was sufficient to compensate motorist who was rendered unconscious, suffered severe lacerations of right ear, neck, face, fractured skull, bruised ligaments in leg, and fracture of second finger of right hand, which required confinement in hospital for nine days and treatment over a number of weeks, and prevented him from walking for about six weeks."

For the reasons herein assigned, the judgment in Mrs. Fielder's favor is amended by reducing the amount thereof to One Thousand ($1000) Dollars, and as thus amended, it is affirmed with costs; the judgments in favor of Lonnie L. Fielder, individually and as father of the minors, Dora Elizabeth Fielder and Lonnie Fielder, Jr., are hereby affirmed.