O’NIELL, Chief Justice
 

 (dissenting).
 

 My opinion is that, as this case presents only questions of fact, the writ of review was granted improvidently and should be recalled. It was never contemplated that section 11 of article VII of the Constitution, which was originally article 101 of the Constitution of 1898, should invest this court with authority to reverse a deci
 
 *1072
 
 sion of the court of appeal in a case presenting only questions of fact. The enabling act which gave effect to article 101 of the Constitution of 1898, and which is Act 191 of 1898, pp. 436, 437, provides for our granting writs of review to the court of appeal “on questions of law or jurisprudence or concerning the jurisdiction of said Court of Appeals”.
 

 In the case of Henkle v. Bussey, November 21, 1898, 50 La.Ann. 1135, 24 So. 240, this court issued a writ of certiorari or review to review a judgment of the court of appeal, but when the case came on for decision it was found that only questions of fact were presented and hence that the writ was issued improvidently; and for that reason the court dismissed the proceeding, without considering the merits of the case, — thus:
 

 “In re McLain, (No. 12,903 of the docket of this court, recently decided) 50 La.Ann. [999], 23 So. 965, it was held (affirming In re Ingersoll, [recently decided] 50 La. Ann. 748, 23 So.
 
 889
 
 and In re Murff [No. 12,906, recently decided] 50 La.Ann. [998], 23 So. 965) that the writ of certiorari authorized to issue under article 101 of the constitution was not intended to enable parties to review in the supreme court decisions of the courts of appeals on mere questions of fact. The decision which relator seeks in this proceeding to have reviewed is a decision of the court of appeals of the Third circuit in a petitory action based upon the evidence adduced.”
 

 In the case of Nevils v. Valentine Sugars, Inc., 188 La. 498, 177 So. 586, the author of the opinion begins thus:
 

 “The writ of review granted in this case was improvidently granted, as the case presents only questions of fact.”
 

 The author of the opinion in that case then quoted at length the opinion rendered by the court of appeal, and concluded by affirming the judgment. It would have been more consistent to recall the writ and dismiss the proceeding, as the court did in Henkle v. Bussey, after finding that the writ was granted improvidently; but the affirming of the judgment of the court of appeal had the same effect, of course, that a dismissal of the proceeding or a recalling of the writ would have had.
 

 There is no precedent for our going ahead and reversing the judgment of the court of appeal in a case which presents only questions of fact, when it appears that the case presents only questions of fact.
 

 In the case of Robichaux v. Realty Operators, Inc., 195 La. 70, 196 So. 23, 27, the writ of review was granted on two questions of law decided by the court of appeal. That court decided that the occurrence such as the plaintiff contended was an accident, within the meaning of the Employers’ Liability Act, would “be incidental to his occupation and not accidental’’. And the Court of appeal declared also that the most that could be said of the plaintiff’s ailment, which developed into an abscess and resulted in the amputation of his finger, was that it was “an occupational disease which is not covered by the compensation statute.” In the brief for the defendant in this court the theory of an occupational disease was rejected and it was. said that no such defense had been urged.
 
 *1074
 
 But, having granted the writ of review on the two questions of law on whiéh the court of appeal had based its judgment, this court deemed it necessary to decide all questions —whether of law or of fact — on which the question of the correctness of the judgment depended. On that subject (195 La. 81, 196 So. 27) the court said:
 

 “It may seem that the only question on which the plaintiff’s suit depended was a question of fact, and hence that the writ of review should not have been granted. According to the provisions of Section 2 of Act No. 191 of 1898, p. 437, a writ of review should not be granted in any case where the correctness of the judgment of the court of appeal depends upon whether the court has decided correctly a question of fact; but, after a writ of review has been granted, we are obliged to decide the questions of fact as well as the questions of law that are tendered for decision; and to that end it is declared in the Constitution, Article 7, Section 11, that we shall have ‘the same power and authority in the case’ as if it had come here directly by appeal. Pipes v. Gallman, 174 La. 257, 140 So. 40. What prompted the granting of a writ of review in this case was, first, the declaration in the opinion of the court of appeal that an occurrence such as the plaintiff described as an accident would ‘be incidental to his occupation and not accidental’, and, second, the
 
 declaration:
 
 ‘The best that can be said of the development of the abscess as a result of the chopping of the wood is that it is an occupational disease which is not covered by the compensation statute.’ ”
 

 If we should have come to the conclusion in this case, as we did in the case of Nevils v. Valentine Sugars, Inc., that the judgment of the court of appeal on the question of fact on which the case depended is correct, there would be no substantial objection to our affirming the judgment instead of recalling the writ and dismissing the proceeding, but I find no authority for the court to reverse a judgment of the court of appeal in a case depending only upon questions of fact.
 

 For these reasons I respectfully submit that the writ of review in this case should be recalled, leaving the judgment of the court of appeal undisturbed.